46

# FINANCIAL AFFIDAVIT
## IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER COURT SERVICES WITHOUT PAYMENT OF FEE

CJA 21

IN UNITED STATES    ☐ MAGISTRATE  ☒ DISTRICT  ☐ APPEALS COURT or ☐ OTHER PANEL (specify below)
IN THE CASE OF

| | FOR | | LOCATION NUMBER |
|---|---|---|---|
| Comn. of Massachusetts Alfredo Ali | AT | | |

**PERSON REPRESENTED (Show your full name)**

| | DOCKET NUMBERS |
|---|---|
| 1 ☐ Defendant—Adult | Magistrate |
| 2 ☐ Defendant—Juvenile | |
| 3 ☐ Appellant | District Court |
| 4 ☐ Probation Violator | |
| 5 ☐ Parole Violator | Court of Appeals |
| 6 ☒ Habeas Petitioner | |
| 7 ☐ 2255 Petitioner | |
| 8 ☐ Material Witness | |
| 9 ☐ Other (Specify)____ | |

**CHARGE/OFFENSE (describe if applicable & check box → )** ☒ Felony  ☐ Misdemeanor

---

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**EMPLOYMENT**

Are you now employed?  ☐ Yes  ☒ No  ☐ Am Self Employed
Name and address of employer:  *NONE*

IF YES, how much do you earn per month? $ _NONE_

IF NO, give month and year of last employment
How much did you earn per month  $_____

If married is your Spouse employed?  ☐ Yes  ☐ No

IF YES, how much does your Spouse earn per month $ _0_    If a minor under age 21, what is your Parents or Guardian's approximate monthly income $ _0_

**OTHER INCOME**

Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources?  ☐ Yes  ☒ No

IF YES, GIVE THE AMOUNT RECEIVED & IDENTIFY THE SOURCES

| | RECEIVED | SOURCES |
|---|---|---|
| | $ 0 | NONE |
| | $ 0 | |
| | $ 0 | |

**CASH**

Have you any cash on hand or money in savings or checking account ☒ Yes  ☐ No  IF YES, state total amount $ 200.00

**PROPERTY**

Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?  ☐ Yes  ☒ No

| | VALUE | DESCRIPTION |
|---|---|---|
| IF YES, GIVE VALUE AND DESCRIBE IT | $ 0 | NONE |
| | 0 | NONE |
| | 0 | NONE |
| | 0 | NONE |

**DEPENDENTS**

MARITAL STATUS
☒ SINGLE
☐ MARRIED
☐ WIDOWED
☐ SEPARATED OR DIVORCED

Total No. of Dependents

List persons you actually support and your relationship to them
N/A
N/A
N/A
N/A

**DEBTS & MONTHLY BILLS**
(LIST ALL CREDITORS, INCLUDING BANKS, LOAN COMPANIES, CHARGE ACCOUNTS, ETC.)

| APARTMENT OR HOME: Creditors | Total Debt | Monthly Pay't. |
|---|---|---|
| NONE | $ 0 | $ 0 |
| NONE | $ 0 | $ 0 |
| NONE | $ 0 | $ 0 |
| NONE | $ 0 | $ 0 |

I certify the above to be correct.

**SIGNATURE OF DEFENDANT (OR PERSON REPRESENTED)**   _Alfredo Ali_   12-8-03

WARNING:  A FALSE OR DISHONEST ANSWER TO A QUESTION IN THIS AFFIDAVIT MAY BE PUNISHABLE BY FINE OR IMPRISONMENT, OR BOTH.

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

FILED
CLERK'S OFFICE

# United States District Court

| Name | District | | |
|---|---|---|---|
| SILFREDI ALI | WESTERN SECTION | | |
| | Prisoner No. | | Case No. |
| | W-68288 | | 01-B-1098 |

Place of Confinement

U.S. DISTRICT COURT
DISTRICT OF MASS.

NORTH CENTRAL CORRECTIONAL INSTITUTION
500 COLONY ROAD, P.O. BOX 466, GARDNER,MA. 01440

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| SILFREDI ALI | V. PETER O'BRIEN,SUPT.,NCCI-GARDNER, MA. 01440 |

The Attorney General of the State of: MASSACHUSETTS,THOMAS F. REILLY, ONE ASNBURTON PL.
20TH FLOOR, BOSTON, MA. 02108

## PETITION

1. Name and location of court which entered the judgment of conviction under attack ___HAMPDEN___
SUPERIOR COURT, HALL OF JUSTICE, 50 STATE STREET,SPRINGFIELD,MA.01102-
)559.

2. Date of judgment of conviction ___JUNE 26th 2000.___

3. Length of sentence ___10 years and one (1) day; Five (5) years and one (1) day concurrent.___

4. Nature of offense involved (all counts) ___TRAFFICKING COCAINE G.L.c. 94C § 32E (b)(2): & G.L.c. 94C § 32E (b)(3).___

5. What was your plea? (Check one)
   (a) Not guilty        ☑
   (b) Guilty            ☐
   (c) Nolo contendere   ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury        ☑
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☑ No ☐

· AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

    (a) Name of court    APPEALS COURT OF MASSACHUSETTS

    (b) Result    APPEAL DENIED.

    (c) Date of result and citation, if known    DECEMBER 23,2002,COURT AFFIRMED DEFENDANT'S CONVICTIONS ON BOTH INDICTMENTS.

    (d) Grounds raised    I. Whether the evidence together with the inferences which might reasonably be drawn thereof: SEE APPEALS ATTACH EXHIBITS.

    (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

        (1) Name of court    MASSACHUSETTS STATE SUPREME COURT

        (2) Result    DENIED FURTHER APPELLATE REVIEW HIGHEST COURT

        (3) Date of result and citation, if known    IN THE YEAR OF 2002

        (4) Grounds raised    PLEASE ATTACHED EXHIBIT OF APPEALS COURT & SUPREME COURT FILINGS.

    (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

        (1) Name of court    N/A

        (2) Result    N/A

        (3) Date of result and citation, if known    N/A

        (4) Grounds raised    N/A

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☐ No ☑

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court    N/A

        (2) Nature of proceeding    N/A

        (3) Grounds raised    N/A

AO 241 (Rev. 5/85)

_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒

(5) Result _____ N/A _____

(6) Date of result _____ N/A _____

(b)  As to any second petition, application or motion give the same information:

(1) Name of court _____ N/A _____

(2) Nature of proceeding _____ N/A _____

_____

(3) Grounds raised _____ N/A _____

_____
_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒

(5) Result _____ N/A _____

(6) Date of result _____ N/A _____

(c)  Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☒   No ☐
(2) Second petition, etc.     Yes ☒   No ☐

(d)  If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____
_____
_____

12.  State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: (I.) WHETHER THE TRIAL JUDGE'S DENIAL OF DEFENDANT'S MOTION FOR A REQUIRED FINDING OF NOT GUILTY WAS ERROR:SPECIFICALLY,WHETHER EVIDENCE OF THE DEFENDANY'S PRESENCE AT A MARKET AND TW (2) PILL BOTTLES AT AN APARTMENT WAS ENOUGH FOR AJURY TO INFER TO DISTRIBUTE OVER ONE HUNDRED GRAMS OF COCAINE.

Supporting FACTS (state *briefly* without citing cases or law) Pleas see: Petitioner's application for Appellate Review.

B. Ground two: (II.) JUDGE ERRED IN DENYING DEFENDANT'S MOTIONS FOR A REQUIRED FINDING OF NOT GUILTY WHERE THE EVODENCE WAS INSUFFICIENT TO PERMIT RATIONAL TRIER OF FACT TO FIND THE DEFENDANT GUILTY OF THE CHARGED OFFENSES.

Supporting FACTS (state *briefly* without citing cases or law):

Please see EXHIBITS ATTACHED.

(5)

AO 241 (Rev. 5/85)

C. Ground three: _NONE other Than STaTe Filing and MEMORAMdum By Forinen aTTorney who PresenTed aagumenTal issues_

Supporting FACTS (state *briefly* without citing cases or law): _____

_N/A_

D. Ground four _N/A_

Supporting FACTS (state *briefly* without citing cases or law): _N/A_

_N/A_

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_Exhibit aTTached with FioRAl Habeas Coapr 8 28 USC 2254_

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐   No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing RICHARD MAGGI, 73 CHESTNUT, 734-4500, SPRINGFIELS, Ma.

(b) At arraignment and plea  Elizabeth Lutwak, Esq. P.O. Box 355
Beverly, Ma. 01915 (978) 927-9938

(6)

AO 241 (Rev. 5/85)

(c) At trial — RICHARD MAGGI, 73 CHESTNUT ,SPRINGFIELD,MA. ESQ.BBO#313370

(413) 734-4500

(d) At sentencing _____ *SAME*

(e) On appeal    Only the above same litigation.

Attorney,Elizabeth Lutwak BBO # 630459,P.O. Box 1402
Marblehead, Ma. 01945 (781) 639-9342
(f) In any post-conviction proceeding

(g) On appeal from any adverse ruling in a post-conviction proceeding    SAME above

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒    No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐    No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____ NONE _____

(b) Give date and length of the above sentence: _____ Only the sentences petitioner is challenging.

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐    No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

Requesting appointment of counsel.
_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

November 18th 2003
(date)

_____
Signature of Petitioner

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN COUNTY                    SUPREME JUDICIAL COURT NO.

                                 APPEALS COURT NO. 01-P-1098

COMMONWEALTH

v.

SILFREDO ALI

## APPLICATION FOR FURTHER APPELLATE REVIEW

Now comes the defendant and asks that this Honorable Court grant him further appellate review, pursuant to Mass.R.A.P. 27.1, of his conviction on Hampden County indictments no. 99-815 and 99-816, charging him with trafficking in cocaine, because the evidence presented at trial was insufficient to permit a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

Silfredo Ali

By his attorney,

Elizabeth Lutwak
Elizabeth Lutwak
BBO# 630459
P.O. BOX 1402
Marblehead, MA 01945
(781)639-9342

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN COUNTY                    SUPREME JUDICIAL COURT NO.

                                 APPEALS COURT NO. 01-P-1098

COMMONWEALTH

v.

SILFREDO ALI

## MEMORANDUM IN SUPPORT OF APPLICATION FOR FURTHER APPELLATE REVIEW

The defendant appealed from his conviction on two indictments returned April 27, 1999, by the Hampden County grand jury, charging him, on indictment no. 99-815, with trafficking in cocaine more than one hundred but less than two hundred grams, and on indictment no. 99-816, with trafficking in cocaine more than twenty eight but less than one hundred grams.[1]

Trial on the above-referenced indictments against the defendant and a codefendant charged with the same

---

[1] References to the transcript of the trial will be denoted as (Tr.I-) through (Tr.IV-). References to the transcripts of the two pretrial hearings will be denoted as (Tr.Dec.16-) and (Tr.Jun.20-) respectively. References to the record appendix will be denoted as (R.-)

- 1 -

offenses commenced on June 21, 2000, before Page, J. and a jury. On June 23, 2000 a motion for a required finding of not guilty was allowed with respect to indictment no. 99-817, charging trafficking in cocaine in a school zone. (Tr.II-79)

On June 26, 2000 the jury returned verdicts of guilty on the indictments charging trafficking in cocaine. (Tr.IV-28,29) The Court sentenced the defendant on indictment no. 99-815, charging trafficking in cocaine more than one hundred but less than 200 grams, to a term of not more than ten years and one day and not less than ten years to be served at the Massachusetts Correctional Institution at Cedar Junction and on indictment 99-816, charging trafficking in cocaine more than twenty eight grams but less than one hundred grams, to a term of not more than five years and one day and not less than five years to be served at the Massachusetts Correctional Institution at Cedar Junction, to be served concurrently with the sentence on indictment no. 99-815. (Tr.IV-36,37)

The defendant filed a Notice of Appeal on June 29, 2000. The appeal was docketed in the Appeals Court on August 8, 2001. On December 23, 2002 the Appeals

- 2 -

Court affirmed the defendant's convictions on both indictments in a decision issued pursuant to Rule 1:28. (R.1)

## STATEMENT OF FACTS RELEVANT TO THE APPEAL

In October 1998 Springfield police began surveillance of two locations: 150 Belmont Street (Moises Market) and 137-139 Orange Street, a three family house. (Tr.I-121,122,123,124;  Tr.II-5,75,76) Moises Market is a small Spanish market. (Tr.I-124) It was a fully operational convenience store. (Tr.I-213) Police determined in the course of the investigation that the business at 150 Belmont Avenue was listed in the name of the codefendant. (Tr.I-180)

Between the start of the investigation and the arrests the officers conducted between six and eight surveillances. (Tr.I-124) The arrests happened on December 11, 1998. (Tr.I-132)

The officers usually went to the market at night in order to follow the subjects from the store to where they were going. (Tr.I-125) It was generally dark outside when Officer Kervick made his observations. (Tr.II-202) From the surveillance point

across the street from the market to the front of the market is approximately 55 feet. (Tr.II209,210,212)

The general descriptions of the defendant, codefendant, Silvio Ali and Franklin Garcia are similar. (Tr.II-201) The defendant fit the general description contained in the warrant of being a Dominican male, short black hair, dark complected. (Tr.II-213) The descriptions in the search warrant belonged to the codefendant and Mr. Garcia. (Tr.II-213)

Individuals seen at the market on more than one occasion were Clebis Lebron (hereinafter "the codefendant") and Franklin Garcia. (Tr.I-125)

During the investigation, no one else was observed on more than one occasion at the market. (Tr.I-131) The defendant was seen at the market once or twice in early December in addition to the day of his arrest, December 11, 1998. (Tr.I-132)

Toward the end of the investigation, the defendant was observed working behind the counter at the market. (Tr.II-82,83) Officer Kervick observed the defendant go from the market to the Orange Street address three or four times; once he stayed at the Orange Street address for an hour, on another occasion

- 4 -

he only stayed for ten to fifteen minutes. (Tr.II-85,86) When he left the Orange Street address he returned to the market. (Tr.II-85)

Officer Kervick also testified that he could not determine whether there were other people present at the Orange Street apartment when the defendant was observed going there. (Tr.II-190,191) The Springfield Police Department booking sheet lists the defendant's address as 392 High Street, Holyoke and his employment at a restaurant in Holyoke. (Tr.II-194,195)

The targets of the search warrants were the codefendant and Franklin Garcia. (Tr.I-195) Officer Lozada testified that, with respect to the defendant's brother, Silvio Ali, he, "knew he was involved," but he was arrested early on in the investigation. (Tr.I-195) Silvio Ali was observed at the market up until November 5, when he was arrested. (Tr.II-84) He was incarcerated for one week and then released. (Tr.II-179-181)

On December 11, 1998, police went to the market to execute a search warrant. (Tr.I-132,207) When the officers arrived at the market, the defendant and codefendant were there. (Tr.I-133) They were both behind the counter. (Tr.I-133,134)

- 5 -

Police searched the codefendant and found two keys, both of which unlocked the doors to the store and fifty-three dollars. (Tr.I-134,135,190) Police searched the defendant and found one hundred dollars. (Tr.I-165)

Police recovered two hundred and seventy six dollars from the cash register and an additional fifty-eight dollars from a sugar box behind the counter. (Tr.I-206,208) Police also found checks on a Fleet bank account that were signed by Silvio Ali, the defendant's brother. (Tr.I-211,223) A bank statement, motor vehicle titles, insurance policy statement, letter from HB Hood to Moises Market and phone bill were also seized and all were in the name of Silvio Ali. (Tr.I-223,224,225)

Nothing suggestive of narcotics activity was found near the counter or in the market part of the location. (Tr.I-188) One envelope was recovered from the market with the codefendant's name on it, addressed to the owner of the market. (Tr.I-189)

Police searched the dirt basement of the market. (Tr.I-136,191) After twenty minutes of searching they found a couple of plastic bags inside a paper bag.

- 6 -

(Tr.I-136,191)  The plastic bags contained a white powdery substance. (Tr.I-136)

The three page arrest report makes no mention of either officer observing the codefendant or the defendant go from the market to the Orange Street address. (Tr.I-171, Tr.II-107,151,154,155)

On December 11, 1998 police officers executed a search warrant at 137-139 Orange Street. (Tr.I-227,228; II-86) Upon entering the third floor, the officers secured Franklin Garcia. (Tr.I-229) Police searched Franklin Garcia and found two hundred and seven dollars. (Tr.II-29)

In the back bedroom, police found cocaine and packaging material, scales, sifter and plates. (Tr.I-230) On top of the plates found were piles of cocaine, razor blades and cards. (Tr.I-242) Two gym bags containing a bag of cocaine each were found on the floor. (Tr.I-238,240,241)

Police found a notebook pad on the floor next to the plates with cocaine on them. (Tr.II-56) The pad had notations of numbers and names which were consistent with the recording of amounts of cocaine and sales used by narcotics dealers. (Tr.II-56,57)

There was a table in the back bedroom with a sifter, a drug ledger, sandwich bags, packaging material, a scale and duct tape on it. (Tr.I-251,252) Police observed cocaine in a vice in the rear bedroom and a lamp on the floor. (Tr.II-48,49) Police recovered a quantity of cocaine wrapped in brown paper and duct tape in the vice. (Tr.II-59,60)

In the middle room of the third floor apartment police found five hundred and seventy-three dollars. (Tr.II-11,12) The money was in a box which contained paperwork. (Tr.II-12)

In a rear bedroom in the apartment police found a drug ledger underneath a mattress on a bed. (Tr.II-13,14) The ledger had common numbers as well as the notation "P" or "F" after them. (Tr.II-58) "P" generally stands for paid, "F" usually stands for fronted. (Tr.II-59)

In the front bedroom police found a quantity of cocaine in the pocket of a pair of pants in a closet. (Tr.II-19) They also found several pill bottles with the name of the defendant on a shelf in the closet. (Tr.II-21)

In a room off of the kitchen police found personal papers with the names of two individuals on

them inside of some boxes. (Tr.II-27,28) One of the documents was a phone bill for Moises Market in the name of Silvio Ali. (Tr.II-36,37)

Other documents seized in this room off of the kitchen were bank statements with the address "Clebis Lebron dba Moises Grocery, 150 Belmont Avenue." (Tr.II-37,38) The bank account on the statements was the same as that on the cancelled checks seized. (Tr.II-39) Every check was signed by Silvio Ali. (Tr.II-39)

In the kitchen, police found packaging materials: several sandwich bags with the corners torn off, duct tape wrapped around tissue paper and two sifters. (Tr.II-30,31,33,34)

The defendant testified that he lived in Holyoke at 392 High Street. (Tr.III-104,105) He visited his brother Silvio in Springfield a couple of times a week during his free time. (Tr.III-105,106) He was employed at a restaurant called the Salsa Renge in Holyoke as a kitchen helper. (Tr.III-106) He generally worked from seven until three or four. (Tr.III-107)

He never lived at 137-139 Orange Street. (Tr.III-107) Silvio and Franklin Garcia lived there. (Tr.III-107) When his brother was not at the Orange Street

- 9 -

address he would visit him at the market. (Tr.III-108)
His brother owned the market. (Tr.III-108) The
defendant never worked at the market but he did help
out there. (Tr.III-108)

With respect to the prescription pills found at
the Orange Street address, the defendant testified
that he either left them at his brother's apartment or
in his brother's car. (Tr.III-113)

### STATEMENT OF ISSUE WITH RESPECT TO WHICH FURTHER APPELLATE REVIEW IS SOUGHT

1. Whether the trial judge's denial of the
   defendant's motion for a required finding of
   not guilty was error; specifically, whether
   evidence of the defendant's presence at a
   market and two pill bottles at an apartment
   was enough for a jury to infer his
   constructive possession and intent to
   distribute over one hundred grams of cocaine.

### ARGUMENT

THE JUDGE ERRED IN DENYING DEFENDANT'S MOTIONS FOR A REQUIRED FINDING OF NOT GUILTY WHERE THE EVIDENCE WAS INSUFFICIENT TO PERMIT A RATIONAL TRIER OF FACT TO FIND THE DEFENDANT GUILTY OF THE CHARGED OFFENSES BEYOND A REASONABLE DOUBT

At trial the Commonwealth presented scant evidence connecting the defendant to two locations; observation by police of the defendant at a market on one or two occasions and two pill bottles with the defendant's name on them at the defendant's brother's apartment. The defendant moved for a required finding of not guilty on both indictments at the close of the Commonwealth's case, at the end of the trial and again in a post-verdict motion supported by a memorandum of law. (Tr.III-46; R.-16-19) The judge denied the motions.

On appeal of the denial of a motion for a required finding of not guilty, the question as to each indictment is, "whether any rational trier of fact, taking the evidence and reasonable inferences there from in the light most favorable to the Commonwealth, could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Cruz, 34 Mass. App. Ct. 619, 621 (1993) quoting Commonwealth v. Arias, 29 Mass. App. Ct. 613, 617 (1990), citing Commonwealth v. Latimore, 378 Mass.

- 11 -

671, 677 (1979) and Commonwealth v. Merola, 405 Mass. 529, 533 (1989).

Both indictments charged the defendant with trafficking in cocaine. Proof of the offense of trafficking in cocaine requires proof of five elements. With the exception of the weight of the cocaine, the fifth element, both indictments required proof of the same four elements: (1) that the defendant possessed a substance, (2) that the substance was cocaine, (3) that the defendant possessed the cocaine knowingly and intentionally, and (4) that the defendant had the specific intent to distribute the cocaine. (M.G.L.A. c. 94C sec. 32E (b); Tr.III-189)

The Commonwealth presented no evidence that the defendant had actual possession of any of the drugs involved. Therefore, the burden was on the Commonwealth to show that the defendant had constructive possession of the drugs. "For constructive possession to be found, the defendant had to know of the presence of the cocaine, and he had to have the ability and intention to exercise dominion and control over it." Commonwealth v. Cruz, 34 Mass.

- 12 -

App. Ct. 619, 621 (1993), citing Commonwealth v. Brzezinski, 405 Mass. 401, 409 (1989).

150 Belmont Avenue – Indictment 99-816.

In its brief on appeal the Commonwealth claims that, "the facts of this case supply "significant additional evidence from which agreement, intent and control may be inferred and 'which tip the scale in favor of [legal] sufficiency.'" (Commonwealth's brief at 15) The Commonwealth then restates much of the evidence connecting the codefendant to the market but *fails to supply any such additional evidence with respect to the defendant.* (Commonwealth's brief at 15-16)

The Commonwealth claims in its brief that evidence of police observations gives rise to a reasonable inference that the defendant exercised dominion and control over the market and its contents but offers no details of these observations, which consisted solely of police seeing the defendant in the market once or twice over the course of a few months and encountering him behind the counter on the day of his arrest. (Defendant's Brief at 16)

No drugs were found on the defendant at the time of his arrest. No drugs were found near the counter

- 13 -