Orange Street at the time of his arrest, the defendant Lebron denied ever having given that address. (Tr. 5, pp. 101-102). Lebron testified that his relationship with Vilmalia ended "after this problem happened." (Tr. 5, p. 81).

Silfredo Ali's Case

Silfredo Ali testified that in 1998 he lived alone in Holyoke at 393 High Street. (Tr. 5, pp. 104-105). At that time, he worked as a kitchen helper at the Salsa Renge restaurant, also in Holyoke. (Tr. 5, 106). He denied ever living at Orange Street, but said that he visited his brother Silvio there. Franklin Garcia lived at 137-139 Orange Street, as had someone named Jose. (Tr. 5, p. 107). Silvio worked in Moises Market, but did not own it, as far as Silfredo knew. Silfredo did not work there. (Tr. 5, p. 108). Silfredo denied ever going to the basement of 150 Belmont Avenue. He also denied ever seeing drugs at either 150 Belmont Avenue or Orange Street. (Tr. 5, p. 110). Silfredo Ali did not know how his pills or prescriptions got into the bedroom closet in the Orange Street apartment. (Tr. 5, p. 113).

Commonwealth's Rebuttal

William J. Metzger, City Clerk for the City of Springfield, provided the foundation for the introduction of the certified copy of the business certificate filed pursuant to G.L. c. 110, §5. (Tr. 5, pp. 115-117). He testified that in the normal course of business, the person seeking to obtain the certificate

would supply the information and then affirm under oath that the information contained on the form was true. (Tr. 5, p. 117). Exhibit #36 is dated May 14, 1996 and bears the name Clevy Lebron. (Tr. 5, pp. 116, 118; C.A. 9). No identification is necessary to obtain a certificate. An illegal alien with no Social Security number would be able to obtain a certificate. (Tr. 5, p. 119).

## ARGUMENT

I. THE EVIDENCE TOGETHER WITH THE INFERENCES WHICH MIGHT REASONABLY BE DRAWN THEREFROM, WHEN VIEWED IN THE LIGHT MOST FAVORABLE TO THE COMMONWEALTH, WAS SUFFICIENT TO PROVE THAT BOTH LEBRON AND ALI WERE TRAFFICKING IN COCAINE.

Silfredo Ali was convicted on two indictments, both charging trafficking in cocaine: 99-815 relates to the cocaine found at 137-139 Orange Street and 99-816 relates to the cocaine found at 150 Belmont Avenue. Clebis Lebron was convicted on only one count, 99-834, relating to 150 Belmont Avenue. Required findings of not guilty were entered in favor of both defendants on indictments alleging violations of the drug free school zone. On appeal, both defendants challenge the sufficiency of the evidence supporting the trafficking convictions. The amount of the drugs is not at issue on appeal. Both defendants assert that the Commonwealth proved no more than mere presence, arguing that the Commonwealth's evidence was not sufficient to establish constructive possession of the cocaine.

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT

HAMPDEN, ss.

SUPERIOR COURT DEPARTMENT
INDICTMENTS: 99: 815-817

COMMONWEALTH OF MASSACHUSETTS

vs.

SILFREDO ALI

---

### DEFENDANT'S MOTION FOR REQUIRED FINDING OF NOT GUILTY

---

Pursuant to Mass.R.Crim.P. 25, Defendant moves this honorable Court to enter a finding of NOT GUILTY on all indictments.

In support whereof, Defendant argues that the evidence as presented by the Commonwealth is insufficient as a matter of law to sustain a conviction of the charge against him.

SILFREDO ALI, Defendant
By Counsel:

RICHARD J. MAGGI, ESQ. BBO#313370
73 Chestnut Street
Springfield, MA  01103
Tel:(413)734-4500
Fax:(413)731-1302

*[Handwritten annotation:]* ✓ 6/23/00 At the close of the Commonwealth's evidence, Deft's motion is denied as to 99-815 and 99-816 and Allowed as to 99-817 (Page, J) Attest, [signature] Asst. Clerk

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**
JUN 23 2000
[signature]
CLERK-MAGISTRATE

6/23/00                                                              R.-16

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

HAMPDEN, ss.                                    SUPERIOR COURT DEPARTMENT
                                                INDICTMENTS: 99: 815-816

COMMONWEALTH OF MASSACHUSETTS

vs.

SILFREDO ALI

### DEFENDANT'S POST JURY DISCHARGE MOTION FOR REQUIRED FINDING OF NOT GUILTY

Pursuant to Mass.R.Crim.P. 25(b)(2), the Defendant moves that this honorable Court set aside the jury's verdicts of guilty to the above numbered indictments, and order the entry of a finding of NOT GUILTY as to each such indictment upon the evidence, as presented by the Commonwealth, being insufficient as a matter of law to sustain convictions of the charges against him. *Commonwealth v. Keough*, 385 Mass. 314 (1982).

"[T]he second sentence of rule 25(b)(2)...authorizes a judge, after a guilty verdict is returned, to do any one of three things (in addition, of course, to denying the motion in its entirety): (1) to set aside the verdict and order a new trial, (2) to order the entry of a finding of not guilty, or (3) to order the entry of a finding of guilty of any lesser offense included within the scope of the indictment or complaint." *Id.* at 317-318.

In support hereof, Defendant's Memorandum of Law is attached.

Dated: 6-26-00

SILFREDO ALI,
By Counsel:

RICHARD J. MAGGI, ESQ. BBO#31337O
73 Chestnut Street
Springfield, MA  01103
Tel: (413) 734-4500
Fax: (413) 731-1302

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**
JUN 2 8 2000

CLERK-MAGISTRATE

R.-17

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

HAMPDEN, ss.

SUPERIOR COURT DEPARTMENT
INDICTMENTS. 99: 815-816

COMMONWEALTH OF MASSACHUSETTS

vs.

SILFREDO ALI

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**

JUN 2 8 2000

CLERK-MAGISTRATE

*MEMORANDUM IN SUPPORT OF DEFENDANT'S POST JURY
DISCHARGE MOTION FOR REQUIRED FINDING OF NOT GUILTY*

In deciding a motion to set aside a jury's verdict of guilt pursuant to Mass.R.Crim.P. 25(b)(2), the judge is required to review the evidence under the standard set out in *Commonwealth v. Lattimore*, 378 Mass. 671 (1979). "The question is one of law." *Commonwealth v. Doucette*, 408 Mass. 454, 456 (1990).

In granting such a motion, a judge is empowered to make any one of three distinct orders: (1) enter a finding of not guilty, *Commonwealth v. Lattimore*, 378 Mass. 671, 676-678 (1979); (2) set aside the jury's verdict and order a new trial, *Commonwealth v. Preston*, 393 Mass. 318, 321-324 (1984); or, (3) order the entry of a finding of guilty of any lesser offense included within the scope of the indictment, *Commonwealth v. Millyan*, 399 Mass. 171, 188-189 (1987).

There was no direct evidence offered by the Commonwealth to prove that Ali had committed the offenses. Further, very little evidence suggested any connection between him and the locations in question - some prescription medication, and testimony that he had been seen at both locations. The Commonwealth sought to prove its case primarily through circumstantial evidence under the theory that he participated as a joint venturer with others. In order to so convict him, the Commonwealth had to establish that he was (1) present at the scene of the crime, (2) with knowledge that controlled substances were secreted at both the store and the apartment, and (3) by agreement...willing and available to help perfect the crimes.

R.-18

*Commonwealth v. Mandile*, 403 Mass. 93, 99-100 (1988).

> "In the context of (an offense requiring specific intent) the prosecution must prove that the defendant '[shared] with the principal the mental state required for the crime.' The critical issue is whether the jury properly may have inferred that the defendant acted with knowledge of [the crime] and with an intent to assist in committing the crime or whether, to the contrary, the Commonwealth only offered evidence of mere association..." *Id* at 100.

Viewing the evidence in a light most favorable to the Commonwealth it must be accepted that Silfredo Ali was identified as present from time to time at the scenes of the crimes. However, there is no other evidence to connect Defendant with the offenses charged or the fruits of the crime. No evidence put cocaine or the proceeds from sales of cocaine in his hands. Nothing proved that he was aware of or assisted another in the distribution of that cocaine. Most importantly, absolutely no evidence was adduced to afford the jury any foundation upon which they could reasonably infer that Silfredo Ali shared the specific intent necessary for the commission of these crimes.

In denying a motion for required finding of not guilty, it is not enough for the court to find some record evidence, however slight, to support the essential elements of the offense, there must be enough evidence to satisfy any rational finder of fact beyond a reasonable doubt. *Commonwealth v. Armand*, 411 Mass. 167, 170 (1991). While inferences drawn from circumstantial evidence need not be necessary and inescapable, they cannot be predicated upon possibilities, but must be reasonable and warranted by the evidence. *Commonwealth v. Cordle*, 404 Mass. 733, 741-742 (1989). A conviction cannot rest upon the piling of inferences upon inferences or on conjecture and speculation. *Armand*, supra at 170.

Dated: 6-26-01

SILFREDO ALI,
By Counsel:

RICHARD J. MAGGI, ESQ. BBO#313370
73 Chestnut Street
Springfield, MA 01103
Tel: (413) 734-4500
Fax: (413) 731-1302

R.-19