taken in the light most favorable to the Commonwealth may be suggestive of drug sales. However, it pales in comparison with the $460 found on the defendant in Commonwealth v. Navarro where the Court commented that the amount of cash, "does create suspicion about the defendant's activities. However, 'it is not enough for the appellate court to find that there was some record evidence, however slight, to support each element of the case.'" Commonwealth v. Navarro, 39 Mass. App. Ct. 161, 169 (1995)(insufficient evidence to support conviction), quoting, Commonwealth v. Armand, 411 Mass. 167, 170 (1991).

The defendant was also seen going from the market to the Orange Street address three or four times. Taken in the light most favorable to the Commonwealth, this evidence suggests that the defendant was aware of drugs at the Orange Street address. Given evidence such as the phone bill in the name of Silvio Ali and other evidence which suggested that the defendant's brother lived at that address, the inference that the defendant was aware of drugs at the Orange Street address and traveled from the market his brother ran to his brother's apartment amounts to no more than possible awareness of the presence of drugs at the

-18-

A phone bill in the name of the defendant's brother, Silvio Ali, and a number of cancelled checks signed by the defendant's brother were also found in the apartment. (Tr.II-36,37,39)

Police testified that the defendant gave his address as 392 High Street in Holyoke when he was arrested and no evidence, other than the pill bottles was offered to show that the defendant lived at the Orange Street address. (Tr.II-194,195)

Taken in the light most favorable to the Commonwealth, the evidence presented with respect to the Orange Street address permits the inference that the defendant was aware of the drugs at this address. The presence of a few pill bottles with the defendant's name on them in a room other than where the large amounts of cocaine and packaging materials were found is not enough to permit an inference that the defendant had the ability and intention to exercise dominion and control over the drugs found.

Although presence, supplemented by other incriminating evidence will serve to tip the scale in favor of sufficiency, no other incriminating evidence was presented here. Commonwealth v. Ramos, 51 Mass. App. Ct. 901, 902 (2001) quoting Commonwealth v.

-20-

rational trier of fact to find beyond a reasonable doubt that the defendant knowingly possessed the cocaine with the intent to distribute it. Trial counsel thrice moved for a required finding of not guilty: once at the close of the Commonwealth's case, once at the close of all of the evidence, and again post verdict. (Tr.III-46; App.-10,11,12) It was error to deny these motions where the evidence, taken in the light most favorable to the Commonwealth, was insufficient to prove the essential elements of the charged offenses. For the reasons stated above, the defendant's convictions should be reversed.

II. THE FAILURE OF DEFENSE COUNSEL TO MOVE FOR SEVERENCE WHEN IT BECAME APPARENT THAT THE DEFENSES OF THE DEFENDANT AND CODEFENDANT WERE ANTAGONISTIC CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

Prior to jury selection, the codefendant's attorney argued a motion to sever on behalf of his own client as well as that of the defendant. (Tr.I-3-12) The motion to sever was denied on the ground that the codefendant would not be prejudiced by the defense the codefendant planned to offer. (Tr.I-20) Counsel for the defendant did not move to sever the trials of the defendant and codefendant. (Tr.I-11-12)

expense of the defendant. (Tr.II-4-8) Counsel also argued that he was concerned by the defendant's defense strategy which entailed repeatedly pointing out that the codefendant and not the defendant was the target of the investigation. (Tr.II-6)

When the Court asked defense counsel whether he had anything to add, he stated that he had no information that this would be an issue prior to counsel for the codefendant addressing it on the first day of trial. (Tr.II-8-9) Defense counsel said it was still unclear to him what the codefendant's witnesses might say and that he may have pursued a motion to sever had he known about the proffered testimony. (Tr.II-9) Counsel for the codefendant responded that counsel for the defendant was informed prior to trial that the witnesses at issue would identify the defendant as someone who frequented both properties. (Tr.II-9)

The judge did not respond to the argument, but proceeded with the trial. (Tr.II-9-10)

The defendant's right, under Article 12 of the Massachusetts Declaration of Rights and the Sixth and Fourteenth Amendments to the United States Constitution, to the effective assistance of counsel

Severence must be granted "when the prejudice resulting from a joint trial is so compelling that it prevents a defendant from obtaining a fair trial." Commonwealth v. Smith, 418 Mass. 120, 125 (1994), quoting Commonwealth v. Moran, 387 Mass. 644, 658 (1982). The decision whether to sever a trial is committed to the sound discretion of the trial judge. Commonwealth v. Cepulonis, 374 Mass. 487, 499 (1978).

In United States v. Johnson, 478 F.2d 1129 (5th Cir. 1973), the court recognized a right to severance where one defendant denied being involved in a crime, and a codefendant contradicted that defense by placing the defendant at the scene. Commonwealth v. Martinez, 37 Mass. App. Ct. 948, 951 (1994). "In such a situation, the codefendant has become the best witness for the prosecution on the crucial issue of identification and, as a practical matter, the defenses have become irreconcilable." Id.

In the case at bar, the evidence linking the defendant to the Orange Street address, where the bulk of the cocaine was found, was scant. Police had observed him go to the Orange Street address three or four times over the course of the investigation. (Tr.II-85,86) Pill bottles with the defendant's name

the witnesses called by the codefendant offered new and compelling evidence linking the defendant to the Orange Street address and strengthened the inference that the defendant was involved in a drug operation with his brother with respect to both locations.

The defendant, in turn, took pains to point out that the codefendant, Clebis Lebron, was a target of the police investigation while the defendant was not. (Tr.I-195,II-189)

In the case at bar, the defenses of the defendant and his codefendant were mutually antagonistic. Each sought to exculpate himself at the expense of the other. Under these circumstances, the trials of the defendant and codefendant should have been severed.

Defense counsel should have moved for severance of the defendant's trial from that of his codefendant. Defense counsel himself more or less conceded this point at trial. (Tr.II-9) The inattention of counsel which resulted in the failure to file a motion to sever constituted conduct falling measurably below that expected from an ordinary, fallible criminal defense attorney. Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

Absent the evidence presented by the codefendant that the defendant lived at the Orange Street address and was connected to the Belmont Avenue address through his brother, the evidence against the defendant was scant, at best. Because the severance of the defendant's trial from that of his codefendant would have seriously weakened an already weak case against the defendant, the failure of defense counsel to move for severance deprived the defendant of an otherwise available, substantial ground of defense.

This violation of the defendant's right to the effective assistance of counsel as guaranteed by Article 12 of the Massachusetts Declaration of Rights and by the Sixth and Fourteenth Amendments to the United States Constitution requires that the defendant's convictions be reversed or that he be granted a new trial.

CONCLUSION

For the reasons stated in arguments I and II above, the defendant's convictions for trafficking in cocaine should be reversed.

Respectfully submitted,

Silfredo Ali

By his attorney,

*Elizabeth Lutwak*
Elizabeth Lutwak
BBO #630459
P.O. Box 1402
Marblehead, MA 01945
(781) 639-9342

Counsel for the codefendant vigorously argued on the defendant's behalf, recognizing the prejudice to the defendant which would result from the defense he planned to present. (Tr.I-10, II-4-8) The judge noted defense counsel's unpreparedness for trial following the first discussion of the severance issue. (Tr.I-26-28)

A motion to sever, "would have better protected the defendant and was reasonably foreseeable as such before trial." Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974). Counsel for the codefendant argued the severance issue prior to the start of the trial.

Although the judge did not grant severance to the codefendant, the defendant may have had better luck if his attorney had moved for severance because he was the one who was going to be the most severely prejudiced by the joinder. The defendant did not add any damaging evidence against the codefendant that the Commonwealth did not already have. The codefendant's witnesses did, however, provide additional evidence against the defendant. The defendant would have had a strong chance of having his trial severed from that of his codefendant if his attorney had moved for severance.

-29-

on them were found in a closet of one of the bedrooms. (Tr.II-21) On cross-examination, police testified that the defendant gave 392 High Street in Holyoke as his address when arrested. (Tr.II-194,195)

The landlord of 137-139 Orange Street, Juan Rondon, was called as a witness by the codefendant and testified that the defendant lived at the Orange Street address with his brother and Franklin Garcia, a target of the investigation. (Tr.III-61,62) Mr. Rondon also testified that he saw the defendant at the apartment three or four times a week. (Tr.III-69)

Lennox Stamp, the owner of 150 Belmont Street was also called as a witness by the codefendant. (Tr.III-55) He testified that he rented the property to someone who assigned the lease to Silvio Ali, the defendant's brother. (Tr.III-56, 57)

The defendant was unable to obtain a fair trial under these circumstances. The defense strategy of the codefendant was to assist the Commonwealth in making its case against the defendant. The Commonwealth's evidence connecting the defendant to the Belmont and Orange Street addresses was scant, consisting solely of a few observations of the defendant at each address over the course of the investigation. The testimony of

-27-

was violated by counsel's failure to move to sever the defendant's trial from that of his codefendant.

The test for ineffective assistance of counsel under Article 12 contains two parts: (1) whether there has been serious incompetency, inefficiency, or inattention of counsel - behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer - and, if that is found, (2) whether it has likely deprived the defendant of an otherwise available, substantial ground of defense. Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). Where the "Saferian test is met, the Federal test is necessarily met as well." Commonwealth v. Haggerty, 400 Mass. 437, 438 n.2 (1987), quoting Commonwealth v. Fuller, 394 Mass. 251, 256 n.3 (1985).

In criminal cases,

> [d]efense strategy and tactics which lawyers of ordinary training and skill in the criminal law would not consider competent deny a criminal defendant the effective assistance of counsel, if some other action would have better protected a defendant and was reasonably foreseeable as such before trial.

Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974).

-25-

54

The argument made by the codefendant's counsel on behalf of the defendant was that the codefendant planned to offer the testimony of the owners of 150 Belmont Avenue and 137-139 Orange Street who would both testify that as of the date of arrest, neither had seen the codefendant at either address. (Tr.I-5,6) The owner of 150 Belmont Avenue was expected to testify that the defendant had been seen at the market and the landlord for 137-139 Orange Street was expected to testify that the defendant was someone he had interaction with and had seen frequently at the apartment. (Tr.I-7)

In short, counsel for the codefendant argued that the codefendant's defense would be "pointing the finger at the Alis, Silfredo Ali, the codefendant, and the unindicted brother Silvio Ali, and allege that whatever activity was occurring at that address or both of these addresses was occurring as a result of what they were doing and not as a result of what Mr. Lebron was doing." (Tr.I-10)

On the second day of trial, before the jury was brought in, counsel for the codefendant again pressed his motion to sever, arguing that the witnesses he intended to call would assist the Commonwealth at the

-23-

Arias, 29 Mass. App. Ct. 613, 618 (1990) and Commonwealth v. Brzezinski, 405 Mass. 401, 409, 410 (1989). "There must be additional significant evidence, an additional 'plus' factor of other incriminating evidence if a case is to reach the trier of fact." Commonwealth v. Antonio, 45 Mass. App. Ct. 937, 938 (1998). There was no evidence, other than the proximity of the pill bottles, to suggest the pants containing cocaine belonged to the defendant.

There was ample evidence from which to infer that the pants belonged to his brother, such as the phone bill and cancelled checks bearing his brother's name. "Mere presence in the vicinity of a controlled substance, even if one knows that the substance is there, does not amount to possession ... Nor is possession proved simply through the defendant's association with a person who controlled the contraband ... or by sharing the premises where the narcotics were found." Commonwealth v. Cruz, 34 Mass. App. Ct. 619, 622 (1993), quoting Commonwealth v. Booker, 31 Mass. App. Ct. 435, 437-438 (1991).

The Commonwealth's evidence in support of the defendant's knowledge and possession of the drugs at issue in this case was insufficient to permit a

-21-

Orange Street address. Such knowledge or awareness is not enough to permit a rational trier of fact to find proof beyond a reasonable doubt that the defendant had the ability and intention to exercise dominion and control over the drugs.

137-139 Orange Street.

The only evidence offered to prove the defendant's possession and intent to distribute the cocaine found at the Orange Street address was observations of the defendant going to that address three or four times, once for only fifteen minutes (Tr.II-85,86) and some pill bottles with the defendant's name on them which were found in a closet in close proximity to a pair of pants which contained a quantity of cocaine (Tr.II-19,21)

The pill bottles and the pants were found in the front bedroom. (Tr.II-19) With the exception of the small quantity of cocaine found in the pants in the closet, all of the cocaine found at the Orange Street address was found in the back bedroom. (Tr.I-230,238,240,241) Packaging materials were found in the kitchen. (Tr.II-30-34) A drug ledger was found in a rear bedroom. (Tr.II-13,14)

-19-