UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SILFREDO ALI )
     PETITIONER, )
)
-VS- )    CIVIL ACTION NO. 04-30005-KPN
)
COMMONWEALTH )
OF MASSACHUSETTS )
ET AL., )
)
     RESPONDENTS. )
)

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF HIS OPPOSITION TO GRANTING RESPONDENTS MOTION FOR ENLARGEMENT OF TIME TO APRIL 5TH 2004 TO FILE AN ANSWER

Petitioner, Submits that respondents motion has been filed in bad faith in effort to stall this matter for as long as possible.

Respondents realiance on RULE 5 of the governing section pursuant to USC 2254 is nothing more than attempt to decieve the Court into believing that there are issues still to be tried, when in fact all issues relevant to petitioner's State Habeas Corpus claims have already been fully adjudicated on the State Court levels and are now before this Court, has correctly interpreted Federal Law, Constitutional Law and Supreme Court precedence.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SILFREDO ALI )
      PETITIONER, )
)
-VS- )    CIVIL ACTION NO. 04-30005-KPN
COMMONWEALTH )
OF MASSACHUSETTS )
ET AL., )
      RESPONDENTS. )

### PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF HIS OPPOSITION TO GRANTING RESPONDENTS MOTION FOR ENLARGEMENT OF TIME TO APRIL 5TH 2004 TO FILE AN ANSWER

Petitioner, Submits that respondents motion has been filed in bad faith in effort to stall this matter for as long as possible.

Respondents realiance on RULE 5 of the governing section pursuant to USC 2254 is nothing more than attempt to decieve the Court into believing that there are issues still to be tried, when in fact all issues relevant to petitioner's State Habeas Corpus claims have already been fully adjudicated on the State Court levels and are now before this Court, has correctly interpreted Federal Law, Constitutional Law and Supreme Court precedence.

(2)

Indeed the respondents need only to rest their case on record upon which they where victorious on the State level and which is now before the Federal bench for review.
" A Federal Habeas Court must first assess whether the State Court acted contrary to a legal rule precribed by the Supreme Court and in the absence of a controlling rule or if the State Court correctly indenfied the controlling rule.

The Federal Habeas Corpus Court, then proceeds to determine whether the State Court use of as failure to use existing law in deciding the petitioner's claims involve an unreasonable application of Supreme Court procedure 28 USC § 2254 (d),(1). WILLIAMS -VS- MATESANZ, 230 F3d 421, C.A.1 ( Mass. ) 2000.; SANNA -VS- DIPAOLO, 265 F3d 1.

In Re: HURTADO -VS- TUCKER, 245 F3d 7, Cert Den. 122 S.Ct. 282, 534 U.S. 925, 151 Led 2d 208, (2000) The high Court had that " Habeas review of a State Courts application of Federal Law involves the layering of two standards the habeas question of whether the State Court decision is objectively unreasonable is layered on top of the underlying standard governing the Constitional rights asserted, and in a particular Habeas case it may be useful, although not mandatory to review first the underlaying Constitutional issues, " See like in the case of HARRIS -VS-STONAL, 212 F.3d 940, (2000 Fed. App. 169 P. Rehearing denied, and suggestion for a rehearing, Den. Cert Den. 121 S.Ct. 1415, 532 U.S. 947, 149 Led.2d 356., LINEHAN -VS- MILCZARK, 315 F.3d 920 ( 2003),; SHAFERY -VS-BOWERSOX, 329 F.3d 637 (2003). very clearly the record already before the Court is more than

(3)

ample to allow the court to render an immediate response to petitioner's petition for a new issue have been raised in this petition which has not already been fully ad-judicated on the state court level.

IN RE: RUBY -VS- U.S. et al., 341 F3d 585 (1965 The Court held and it is still the law to date that extraordinary remedy of habeas corpus requires court, justice or judge to act...... " FORTHWITH" and application usurps attention and displaces calendar of Judge or Justice and review " Prompt Attention " from his, within the four corners " ( and ) ordinary RULES of Civil Procedures are " Not intended to apply to Habeas Corpus Proceedings at lease in inital, emergency attention given to application.

CONCLUSION

" Court may not extend time for taking any action under Civil Rules 50(b),(c), 52(b), 59(b),(d)(e) and 60 (b), except to extent and under circumstances and conditions stated in them C.R.P. 60 (b)  SMITH -VS- FEATON, 424 F. Supp. 792 ( E.D. ILL 1976) Furthermore it has been held that the total period of time ie (23) days for filing the return, the return cannot be enlarged " even though it is usually inpossible " for the Court to grant a hearing, (Federal Procedure " 16 U.S.C.A. § 2243, RULE 4 ( Discusses in § 41:333). HUDSON -VS- HELMAR, 948 F.Supp. 810 (C.D.Ill 1996), KRAMER -VS- JENKINS, 108 F.R.D. 429, 1985 Ill.

WHEREFORE, petitioner moves this Honorable Court to expunge the Courts granting of the respondents allowed enlargement of time which was allowed to April 5th 2004 and time to file an answer and order the respondent to file there answer Forthwith

( for this is a Constitutional Liberty issue ) that requires " Immediate Attention and actions, request this Court, "Please put this matter on the Calendar for a hearing as soon as possible and also appoint Counsel in this matter.

Respectfully Submitted,

Dated: Febraury 19th 2004.

From: Silfredo Ali
500 Colony Road
P.O. Box 466
Gardner, Ma. 01440


## CERTIFICATE OF SERVICE

I, affirm that I have served a true copy of my opposition to expunge the respondents motion for enlargement of time which was allowed by the Court to April 5th 2004 to file and answer with Memorandum of Law on Counsel for the respondent by mailing a true copy first class mail, postage pre paid to Attorney, Annette C. Benedetto, Assistance Attorney General at her address at One Ashburton Place 20th floor, Boston, Massachusetts on this 20th day of Febraury 2004.

From: Silfredo Ali