UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SILFREDO ALI )<br>    Petitioner, )<br>)<br>v. )<br>)<br>STEVEN O'BRIEN, )<br>)<br>    Respondent. )<br>) | Civil Action No. 04-30005-KPN |

## ANSWER

The respondent, Steven O'Brien, Superintendent of North Central Correctional Institution at Gardner, answers the numbered paragraphs of the above-captioned petition for writ of habeas corpus as follows:

1-8.    Admitted. Regarding ¶ 7, the respondent notes that the petitioner did testify at his trial.

9(a).    Admitted.

9(b).    Admitted.

9(c)    Admitted. *Commonwealth v. Lebron*, 56 Mass. App. Ct. 1116, 780 N.,E. 2d 488 (2002).

9(d).    Admitted. And further answering the ground raised by the petitioner in his appeal to the Supreme Judicial Court was the evidence presented at trial was insufficient to permit a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

9(e)(1).    Admitted.

9(e)(2).    Admitted.

9(e)(3).    *Commonwealth v. Lebron*, 438 Mass. 1109, 785 N.E. 2d 382 (2003).

2

| | |
|---|---|
| 10-11. | The respondent is without knowledge or information sufficient to form a belief as to the truth of these paragraphs. |
| 12A-12C. | These paragraphs contains conclusions of law requiring no response. To the extent that the petitioner presents facts, they are denied. |
| 14. | The respondent is without knowledge or information sufficient to form a belief as to the truth of this paragraph. |
| 15. | Admitted. |
| 16. | Admitted. |
| 17. | The respondent is without knowledge or information sufficient to form a belief as to the truth of these paragraphs. |

Pursuant to Rule 5 of the Rules Governing 28 U.S.C. §2254 cases, the respondent is filing a Supplemental Answer with the following documents from the petitioner's state court proceedings:

1. Brief and Appendix for the Defendant on Appeal to the Massachusetts Appeals Court (MAC 01-P-1098)

2. Commonwealth's Memorandum of Law In Support of Its Motion For Summary Judgment (MAC 01-P-1098)

3. Memorandum and Order Pursuant to Rule 1:28 in *Commonwealth v. Lebron*, 56 Mass. App. Ct. 1116, 780 N.,E. 2d 488 (2002).

4. Application for Further Appellate Review by the Supreme Judicial Court. See *Commonwealth v. Lebron*, 438 Mass. 1109, 785 N.E. 2d 382 (2003)(Application denied.)

5. Pre-Trial Hearing and Trial Transcripts (six volumes) in <u>Commonwealth v. Silfredo Ali and Clebis Lebron</u>, Hampden County Superior Court, before Ford, J. and a jury: December 16, 1999; June 20, 2000; June 21, 2000; June 22, 2000; June 23, 2000; June 26, 2000.

3

## DEFENSES

1. The state court adjudication of the petitioner's claims was not contrary to nor an unreasonable application of clearly established Supreme Court law nor it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

2. The findings of fact made by the state courts are entitled to the presumption of correctness under 28 U.S.C. § 2254(e)(1).

3. The petitioner has failed to exhaust state remedies on Ground Three.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

*Annette C. Benedetto*
Annette C. Benedetto
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200
BBO No. 037060

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached documents was served upon the petitioner pro se, by first class mail, postage pre-paid, on March 31, 2004, at the following address:

Silfredo Ali, pro se
500 Old Colony Road
P.O. Box 466
Gardner, MA 01440

*Annette C. Benedetto*
Annette C. Benedetto
Assistant Attorney General