UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SILFREDO ALI<br>  Petitioner, | )<br>)<br>)<br>) |  |
| v. | )<br>) | Civil Action No. 04-30005-KPN |
| COMMONWEALTH OF MASSACHUSETTS<br>  ET AL.,<br>  Respondents. | )<br>)<br>)<br>)<br>) |  |

**RESPONDENTS' MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

The respondents submits this memorandum in support of their motion to dismiss the petition filed by Silfredo Ali ("the petitioner") who was convicted in 2000 on various cocaine trafficking charges. His conviction was affirmed by the Massachusetts Appeals Court in Commonwealth v. Lebron, 56 Mass. App. Ct. 1116, 780 N.,E. 2d 488 (2002)(Supp. Ans. Exh. 3) and his Application for Leave to Obtain Further Appellate Review (ALOFAR) in the Supreme Judicial Court (SJC) was subsequently denied. Commonwealth v. Lebron, 438 Mass. 1109, 785 N.E. 2d 382 (2003)(Supp. Ans. Exh. 4).

The petitioner bases his claim for federal habeas corpus relief on the following grounds:

> (1). Whether the trial judge's denial of defendant's motion for a required finding of not guilty was error; specifically whether evidence of the defendant's presence at a market and pill bottles at an apartment was enough for a jury to infer [sic] to distribute over one hundred grams of cocaine (Petition, p. 5, ¶ 12A);

> (2). Judge erred in denying defendant's motions for a required finding of not guilty where the evidence was insufficient to permit a rational trier of fact to find the defendant guilty of the charged offenses ((Petition, p. 5, ¶ 12B);

2

   (3).  The petitioner was denied effective assistance of counsel when his attorney failed to request an additional interpreter to interpret for Mr. Ali during the trial; failed to properly communicate before and after with Mr. Ali; failed to object to severance; and failed to properly prepare for trial (Amended Petition, ¶ 1).

   (4).  The petitioner was denied the right to a fair trial when only one interpreter was present for trial and that interpreter translated for both co-defendants during the trial (Amended Petition, ¶ 2)

The petitioner has failed to exhaust state remedies on all claims as required by 28 U.S.C. § 2254(b)(1)-(2) and relevant case law.

Assuming that Grounds One and Two, are basically identical,[1] the claim that the evidence was insufficient to support a finding of guilt beyond a reasonable doubt is the only exhausted claim in the petition since it was fairly presented to the SJC in the petitioner's ALOFAR in its present form.[2]  (Supp. Ans. Exh. 4 at 10-20).

Ground Three alleging ineffective assistance of counsel has not been exhausted since the petitioner abandoned his ineffective assistance of counsel claim in his ALOFAR to the SJC.  More importantly, the petitioner alleged new grounds to his ineffective assistance claim that have never been presented to the Massachusetts Appeals Court or SJC or any other state court.

Ground Four regarding the interpreter has never been presented to the Massachusetts Appeals Court or the SJC at all and is patently unexhausted.  Since the only

---

[1] The petitioner was acting pro se at the time that he drafted the petition and appears to have split the sufficiency of the evidence claim into two duplicative grounds.

[2] Although the petitioner invoked only state law precedent in support of his sufficiency of the evidence claim in the state appellate courts, his citation to Commonwealth v. Latimore, 378 Mass. 671, 277 (1979), in his ALOFAR and discussion of relevant case law alerted the SJC to the claim's federal nature. See Nadworny v. Fair, 872 F.2d 1093 (1st Cir. 1989). (Supp. Ans. Exh. 4 at 11-19).

3

ground presented to the SJC by the petitioner in his ALOFAR was Grounds One-Two alleging insufficiency of the evidence, the petition is "mixed" and should be dismissed as unexhausted. Rose v. Lundy, 455 U.S. 509, 522 (1982).

## ARGUMENT

**THE PETITION SHOULD BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES ON EACH AND EVERY CLAIM ASSERTED.**

It is well settled that "a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)). See also Picard v. Connor, 404 U.S. 270, 276 (1971); 28 U.S.C. § 2254(b)(1)-(2). In addition to ensuring that state courts have the first opportunity to correct their own federal constitutional errors, the exhaustion requirement enables federal courts to accord appropriate respect to the sovereignty of the states and thus promotes comity by "minimiz[ing] friction between our federal and state systems of justice...." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). See also Rose, 455 U.S. at 518 (reiterating importance of exhaustion doctrine); Mele v. Fitchburg District Court, 850 F.2d 817, 819 (1st Cir. 1988) (same).

Consequently, before filing an application for habeas corpus relief in federal court, the petitioner must have first presented the substance of each of his federal habeas claims to the state's highest tribunal. O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999); Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987); Mele, 850 F.2d at 819. This means that the petitioner must have submitted both the predicate facts and the federal legal theories to the state's

4

highest court.  Gagne, 835 F.2d at 7; Mele, 850 F.2d at 819-20.

Moreover, *every* claim must have been exhausted.  Rose, 455 U.S. at 522; O'Sullivan, 526 U.S. at 848.  If a petition is "mixed" – that is, contains both exhausted and unexhausted claims – it must be dismissed.³  Rose, 455 U.S. at 522; Adelson, 131 F.3d at 261-62; Martens v. Shannon, 836 F.2d 715, 717-18 (1st Cir. 1988).  Finally, a habeas petitioner "bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim." Adelson, 131 F.3d at 262.   Ali cannot meet that burden here.

In his brief to the Massachusetts Appeals Court, the petitioner presented only two claims: (1) the judge erred in denying defendant's motions for a required finding of not guilty where the evidence was insufficient to permit a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt and (2) the failure of defense counsel to move for severance when it became apparent that the defenses of the defendant and codefendant were antagonistic constituted ineffective assistance of counsel. (Supp. Ans. Exh. 1 at i, 13-30). ⁴

---

³ Prior to enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), failure to exhaust all claims in state court required dismissal of the entire petition.  Under AEDPA, a court confronted with unexhausted claims may, in its discretion, either dismiss the entire petition as unexhausted or deny (but not grant) the petition on the merits.  See 28 U.S.C. § 2254(b)(1)-(2) ("[a]n application for a writ of habeas corpus may be *denied* on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State") (emphasis added). Thus, the Court may deny the entire petition, but may not dismiss the unexhausted claims and then grant the petition on the basis of Ali's remaining claims.  Id.; O'Sullivan, 526 U.S. at 842-48 (affirming dismissal of petition containing unexhausted claims).

⁴ The Appeals Court rejected both claims.  Regarding the ineffective assistance claim, the court pointed out that the codefendant's attorney twice sought severance without

5

In his ALOFAR, the petitioner abandoned his ineffective assistance of trial counsel claim altogether and presented only his sufficiency of the evidence ground. (Supp. Ans. Exh. 4 at 10-20). Thus no ineffective assistance of counsel claim was ever presented to the SJC. In a similar case, Mele v. Fitchburg District Court, 850 F.2d 817, 819 (1st Cir. 1988), the habeas petition contained arguments that the petitioner had presented to the Appeals Court, but which he had not included in his ALOFAR to the SJC. Id. at 818-19. The First Circuit held that the petitioner had not properly exhausted his state-court remedies:

> It is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present – or do his best to present – the issue to the state's highest tribunal.

Id. at 820.

That holding applies here with full force. Ali pressed an ineffective assistance complaint for failure to move to sever his case from his codefendant's in the Appeals Court, but abandoned it when he went before the SJC. As a result, he has never exhausted any ineffective assistance of counsel claim. Id. See also Barresi v. Maloney, 296 F.3d 48, 52 at n.1 (1st Cir. 2002) (claim which is squarely raised in an intermediate state court but then abandoned on appeal to the state's highest court is not properly exhausted); O'Sullivan, 526 U.S. at 848 (habeas petition included claims that had been asserted in the appellate

---

success on the same ground asserted by the petitioner, i.e., mutually antagonistic defenses. "If there was no showing of mutual antagonistic defenses on Lebron's motions, we think it difficult to conclude that Ali could have made such a showing on any motion for severance." Lebron, 56 Mass.App. Ct. at 1116. (Supp. Ans. Exh. 3). The court concluded that severance was not required since there was sufficient evidence to connect both defendants with each other and the two premises. "This was hardly a case in which the "only realistic escape for either defendant was to blame the other." Id.

6

court but not the Illinois Supreme Court; claims therefore were not properly exhausted; dismissal of petition affirmed).

Notwithstanding the fact that the claim was abandoned, even more fatal is that the petitioner has added entirely new factual allegations to the ineffective claim. The only deficiency of counsel cited in his brief to the Appeals Court was his trial attorney's failure to file a motion to sever. (Supp. Ans. Exh. 1 at 22-30). To this assertion the petitioner has now added several other complaints, i.e., that trial counsel failed to request an additional interpreter to interpret for Mr. Ali during the trial; failed to properly communicate before and after with Mr. Ali; and failed to properly prepare for trial (Amended Petition, ¶ 1). It is plain that the present claim is materially broader that the one originally presented to the Massachusetts Appeals Court. "The exhaustion requirement is not satisfied if a petitioner presented new legal theories or new factual allegations in federal court that transform his claim or cast it in a significantly different light." Domaingue v. Butterworth, 641 F.2d 8, 12-13 (1st Cir. 1981). In Domaingue, the First Circuit found that the petitioner did not exhaust state remedies where his ineffective assistance of counsel claim in state court was based solely on trial counsel's failure to object to a self-defense instruction, while his habeas corpus petition attacked the lawyer's general behavior based on numerous occurrences of malfeasance and nonfeasance. Id. In Lanigan v. Maloney, 853 F. 2d 40, 45 (1st Cir. 1988), the court noted that some claims of constitutional violations, such as ineffective assistance of counsel or unfair trial, encompass an almost limitless range of possible errors.

7

>A defendant raising a Sixth Amendment violation who complained in state court about counsel's failure to object to certain testimony should not be deemed to have exhausted his or her remedies if the federal court claim asserts ineffective assistance of counsel based on a conflict of interest. In such a case, the state court's analysis of the alleged constitutional error necessarily would differ substantially from the federal court's consideration of the Sixth Amendment claim. And the defendant's original argument would not have alerted the state court to the claim that formed the basis of the habeas corpus petition.

**Id**. at 45.

It is clear from the record that Ground Three includes new factual underpinnings that were never presented to the state's appellate courts.

It is indisputable that Ground Four has never before been presented to any state trial or appellate court prior to its emergence as an amendment to the federal habeas petition. The petition is mixed containing exhausted and unexhausted claims and should be dismissed. [5]

---

[5] This Court should refrain from exercising its discretion to stay federal habeas proceedings if requested by the petitioner. Under the "stay and abeyance" procedure a petitioner may return to state court to exhaust state remedies while his habeas petition is held in abeyance in federal court. See Rhines v. Weber, 125 S.Ct. 1528, 1534 (2005). In Rhines, the court discussed the procedure, reiterating that district courts ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion. Id. However, a stay and abeyance of a federal habeas proceeding involving a mixed petition of exhausted and unexhausted claims is only appropriate "if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 1535. Here, the petitioner cannot demonstrate good cause for failing to exhaust the cited claims since he raised an ineffective assistance claim in the state courts but abandoned it before exhaustion was complete.

Moreover, a stay is unnecessary in the case at bar since the petitioner is not at risk of losing his right to federal habeas review under the one year period of limitation since he has ample time remaining to return to state court and seek to exhaust his unexhausted claims. See 28 U.S.C. § 2244 (d)(2)(one year period of limitation is tolled while properly filed state action is pending).

8

## CONCLUSION

For the above-stated reasons, the petition should be dismissed as unexhausted.

>Respectfully submitted,
>
>THOMAS F. REILLY
>ATTORNEY GENERAL
>/s/ Annette C. Benedetto
>Annette C. Benedetto
>Assistant Attorney General
>Criminal Bureau
>One Ashburton Place
>Boston, Massachusetts 02108
>(617) 727-2200
>BBO No. 037060

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.1 (A) (2) , the respondent's attorney certifies that she has conferred with the respondent's counsel and attempted in good faith to resolve or narrow the issues presented in the respondent's motion to dismiss the petition for writ of habeas corpus.   The undersigned attorney spoke with Mr. Joseph D. Bernard P.C. on May 20, 2005, and he indicated that he opposed the motion to dismiss.

>/s/ Annette C. Benedetto
>Annette C. Benedetto
>Assistant Attorney General