UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SILFREDO ALI,<br>    Petitioner | )<br>)<br>) |
| v. | )    Civil Action No. 04-30005-KPN |
| COMMONWEALTH OF MASSACHUSETTS<br>ET AL.,<br>    Respondents | )<br>)<br>)<br>) |

## PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR STAY AND ABEYANCE OF FEDERAL HABEAS PROCEEDINGS

The Petitioner, Silfredo Ali, respectfully submits this memorandum in opposition to the Respondents' Motion to Dismiss the petition for writ of habeas corpus for failure to properly exhaust state-court remedies. As reasons therefore, the Petitioner states that Grounds Three and Four should be deemed exhausted thus rendering the Motion to Dismiss improper. In the alternative, should this court decide that the Petitioner's claims are unexhausted the Petitioner respectfully requests that this court stay these habeas corpus proceedings while he exhausts the unexhausted claims in state court.

### Facts

Petitioner was convicted in 2000 on various cocaine trafficking charges. In Commonwealth v. Lebron, 56 Mass. App. Ct. 1116 (2002) his conviction was affirmed by the Massachusetts Court of Appeals. Thereafter, his Application for Leave to Obtain Further Appellate Review in the Supreme Judicial Court was denied. Commonwealth v. Lebron, 438 Mass. 1109 (2002).

The Petitioner then filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court, District of Massachusetts, Western Division. The original

1

petition stated three (3) grounds for relief in the habeas corpus proceeding. These grounds were as follows:

> Ground One: "Whether the trial judge's of defendant's motion for a required finding of not guilty was error; specifically, whether evidence of the defendant's presence at a market and pill bottles at an apartment was enough for a jury to infer to distribute over one hundred grams of cocaine. (Petition, p. 5 ¶ 12A)";
>
> Ground Two: "Judge erred in denying defendant's motion for a required finding of not guilty where the evidence was insufficient to permit a rational trier of fact to find the defendant guilty of the charged offenses. (Petition, p. 5 ¶ 12B)";
>
> Ground Three: "None other than state filing and memorandum by former attorney who presented argumental issues. (Petition, p. 6 ¶ 12C)"

The Petitioner filed this petition *pro se* and on or about September 27, 2004, United States District Count Judge Michael Ponsor allowed the Petitioner's request for appointment of counsel.[1]

Thereafter, Petitioner and counsel met and discussed the aforementioned matter. **See Attached Exhibit "A"**. During initial and subsequent interviews and meetings with Mr. Ali it was brought to counsel's attention that additional claims not asserted in the original petition were outstanding. **See Attached Exhibit "A"**. More specifically, Mr. Ali felt that the communication between himself and trial counsel was lacking so much that it deprived him of his constitutional right to counsel. **See Attached Exhibit "A"**. This lack of communication culminated when Mr. Ali's counsel failed to request an additional interpreter during the trial. Instead, Mr. Ali was forced to share an interpreter with his co-defendant. **See Attached Exhibit "A"**. This failure caused Mr. Ali confusion and prevented him from participating in his own trial. **See Attached Exhibit "A"**.

---

[1] On or about December 9, 2004, Attorney Bernard was appointed counsel for Mr. Ali on this matter.

Unfortunately, this lack of communication carried over into Mr. Ali's direct appeal to the Massachusetts Court of Appeals and his Application for Leave to Obtain Further Appellate Review. **See Attached Exhibit "A".** His appellate lawyer also failed to properly communicate with Mr. Ali, thus preventing him from expressing his entire concern for the appealable issues. **See Attached Exhibit "A".** Such lack of communication caused crucial issues to be left out of his direct appeal and his Application for Leave to Obtain Further Appellate Review.

Counsel, seeking to preserve and assert the outstanding issues, filed a Motion to Amend Pleadings on or about February 14, 2005 set forth the outstanding claims that Mr. Ali presented to counsel and clarified Ground Three for Mr. Ali. See also McFarland v. Scott, 512 U.S. 849 (1994) ("our carefully crafted doctrines of waiver and abuse of the writ make it especially important that the first [federal] petition adequately set forth all of a state prisoner's colorable grounds for relief"). On or about March 7, 2005, United States Magistrate Judge Kenneth Neiman allowed the Petitioner's Motion to Amend Pleadings, in which the Petitioner clarified Ground Three and added Ground Four to the petition.

Argument

THE RESPONDENT'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE GROUNDS THREE AND FOUR FALL WITHIN AN EXCEPTION TO THE EXHAUSTION REQUIREMENT

The Respondent's Motion to Dismiss should be denied because Petitioner's claims on grounds Three and Four fall within an exception to the exhaustion requirement. Specifically, 28 U.S.C.A. § 2254(b)(1)(B) excuses a petitioner from exhaustion if "(1) there is an absence of available State corrective process; or (2) circumstances exist that render such process ineffective to protect the rights of the applicant." The "absence of available State corrective process" applies if, at the time the petitioner files the federal petition, there is no available state procedure

by which the petitioner can secure review of the relevant claim. This exception allows federal courts to adjudicate claims not raised in a state court when: (1) the petitioner has already taken or no longer may take an appeal, and the state law provides no other judicial method of challenging convictions and sentences;[2] (2) the petitioner already has taken or no longer may take an appeal, and the state's postconviction remedy does not afford relief to this type of petitioner or on this type of claim;[3] (3) the petitioner failed to raise the constitutional issue at trial, on appeal, or in a prior state postconviction proceeding, and neither an appeal nor state postconviction relief is now available;[4] or (4) the state law considers relief premature.[5] Additionally, if "circumstances exist that render [the state corrective] process ineffective to protect the rights of the applicant" then exhaustion of the claim should be found. 28 U.S.C.A. § 2254(b)(1)(B). The petitioner Ali states that the state remedy is not "adequate" and invocation of the remedy is "futile". Young v. Ragen, 337 U.S. 235, 239 (1949); Nix v. Whiteside, 475 U.S. 157, 163 n.3 (1986) (further proceeding would be futile). See also Blackledge v. Perry, 417 U.S. 21, 23-24 (1974) ("futility" found because North Carolina Supreme Court "had consistently rejected" similar claims). The state remedy is futile because even though all of Mr. Ali's claims are not technically exhausted, his special circumstances require prompt federal intervention.

Although the general rule is that federal courts should deny the writ of state prisoners if there is an available State corrective process, this rule is not "rigid and inflexible". Frisbie v. Collins, 343 U.S. 937 (1952). Thus, courts have held that requiring exhaustion would be

---

[2] See Young v. Ragen, 337 U.S. 235, 239 (1949).

[3] See Harris v. Duckworth, 909 F.2d 1057, 1058-59 (7th Cir. 1990); Smittie v. Lockhart, 843 F.2d 295, 296-96 (8th Cir. 1988).

[4] Coleman v. Thompson, 501 U.S. 722, 732 (1991) ("a habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him").

[5] See Carter v. Estelle, 677 F.2d 427, 449 (5th Cir. 1982).

4

egregiously unfair to the petitioner in certain circumstances. Granberry v. Greer, 481 U.S. 129, 135 (1987); Frisbie v. Collins, 342 U.S. 519, 522 (1952) (nonexhaustion overlooked because of "special circumstances" required "prompt federal intervention"). In Frisbie, the Court held that, the determination of special circumstances is to be decided by the court on a case by case basis. 342 U.S. at 522. Because the existence of special circumstances is so case specific, the court in Frisbie did not specify a bright line rule, nor did it explain the special circumstances of the defendant in that case. 342 U.S. at 522. The state corrective process was available to the defendant in Frisbie, as it is to Mr. Ali, but a "factual appraisal by the court" is necessary. 481 U.S. at 521.

In Frisbie, the petitioner was denied his right to counsel. 189 F. 2d at 465. He asked for an attorney during his interrogation and was denied. 189 F. 2d at 465. The court held that when such special circumstances exist, prompt federal intervention is necessary. 342 U.S. at 522. The petitioner was denied his constitutional safeguards of due process and right of counsel, and under these circumstances an exception was allowed to the exhaustion requirement. 342 U.S. at 522.

The present case is very similar to the Frisbie case because both petitioners were denied their right to counsel. 189 F.2d at 465. In the instant matter, a factual appraisal reveals that Mr. Ali was deprived of the effective assistance of counsel during his trial and during his direct appeal. **See Attached Exhibit "A"**. Mr. Ali asserts that there was not the necessary communication needed for trial and appeal preparation. This lack of communication between Mr. Ali and his appellate counsel affected the issues raised on appeal and prevented Mr. Ali from asserting the claims that he wanted reviewed. **See Attached Exhibit "A"**. During his trial, Mr. Ali encountered difficult language barriers and was denied an interpreter, thus making his counsel ineffective. Effective assistance of counsel is a constitutional safeguard that every

defendant, regardless of his native language, should be afforded. Like the petitioner in <u>Frisbie</u>, Mr. Ali was denied his constitutional right of counsel when he insisted on fulfillment of this right. Also like the petitioner in <u>Frisbie</u>, the special circumstances of Mr. Ali, denial of adequate counsel and the need for prompt federal intervention, must allow for an exception to the exhaustion requirement. 189 F.2d at 465.

Such circumstances entitle Mr. Ali to "special" treatment of his unexhausted claims for purposes of his habeas corpus petition. See <u>Frisbie</u>, 342 U.S. at 519. Dismissal in this matter would be patently unfair considering the circumstances which he has already encountered during his state court review. Additionally, bringing this claim back to state court will only create undue delay and more insurmountable unfairness for Mr. Ali. The Court has already allowed many enlargements of time for the Commonwealth while Mr. Ali waits in prison. He should not have to keep waiting for recognition of his constitutional rights. Prompt federal intervention is necessary.

For the aforementioned reasons, Grounds Three and Four should be deemed to fall within an exception to the exhaustion requirement under 28 U.S.C. § 2254 and the Respondent's Motion to Dismiss should be denied.

IN THE ALTERNATIVE, THE PETITIONER REQUESTS A STAY AND ABEYANCE SO THAT HE MAY EXHAUST GROUNDS THREE AND FOUR IN STATE COURT

In the alternative, if this court should deem grounds Three and Four unexhausted, the Petitioner respectfully requests a "stay and abeyance" be issued pending the exhaustion of these claims in state court. See <u>Rhines v. Weber</u>, 125 S.Ct. 1528, 1534 (2005). As the <u>Rhines</u> Court noted, "[d]istrict courts do ordinarily have authority to issue stays, see <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936), where such a stay would be a proper exercise of discretion, see <u>Clinton v. Jones</u>, 520 U.S. 681, 706 (1997)."

The <u>Rhines</u> Court ultimately noted that stay and abeyance's should only be given when there is good cause for a petitioner's failure to exhaust his claims in state court. <u>Id</u>. at 1535. The Court also notes that it would be abusing its discretion if it granted a stay and abeyance to a petitioner whose unexhausted claims are "plainly meritless". <u>Id</u>. at 1535. In this matter, Mr. Ali claims he was deprived of his constitutional right to counsel during trial. **See Attached Exhibit "A"**. This claim is merited because Mr. Ali experienced a significant lack of communication during his trial and his direct appeal. He was also faced with an insurmountable language barrier. Mr. Ali could not exhaust his state court claims because of these communication problems.

These underlying circumstances show that Mr. Ali's request for a stay and abeyance should be granted as he has shown good cause and his claims are clearly with merit. For the aforementioned reasons, Mr. Ali respectfully requests that a stay and abeyance be ordered so that he may exhaust his unexhausted claims in state court.

<u>Conclusion</u>

For the foregoing reasons the Petitioner, Silfredo Ali, respectfully requests that the Respondent's Motion to Dismiss be denied and, in the alternative, a stay and abeyance be issued while the Petitioner returns to state court to exhaust his claims.

Respectfully Submitted,
Silfredo Ali
By His Attorney:

_____
Joseph D. Bernard
The Law Offices of Joseph D. Bernard, P.C.
73 State Street, Suite 301
Springfield, MA 01103
(413) 731-9995
BBO#: 55798

Date:   June 24, 2005

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SILFREDO ALI, )
    Petitioner )
)
v. ) Civil Action No. 04-30005-KPN
)
COMMONWEALTH OF MASSACHUSETTS )
ET AL., )
    Respondents )

## AFFIDAVIT

Under oath I depose and state that:

1. My name is Joseph D. Bernard.

2. I am the attorney of the record for the above named petitioner, Silfredo Ali.

3. On or about February 1, 2005, I spoke with the above named petitioner regarding this matter.

4. Upon information and belief, Mr. Ali conveyed to me the following:

   a. He believed he was deprived effective assistance of counsel during his communication and relationship with his trial counsel, Richard Maggi, and his appellate counsel, Elizabeth Lutwak.

   b. He believed this lack of communication culminated at trial when he was denied his request for an interpreter and forced to share an interpreter with the co-defendant.

   c. He felt confused, scared, and unable to actively participate in his own trial.

   d. He felt that the lack of adequate communication during his appeal left many issues unaddressed upon review.

5. It was brought to my attention that there were additional claims not asserted in Mr. Ali's original petition that were outstanding.

Signed under the pains and penalties of perjury on this the 24th day of June, 2005.

Date:                                                              Joseph D. Bernard

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SILFREDO ALI,<br>    Petitioner<br><br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS<br>ET AL.,<br>    Respondents | )<br>)<br>)<br>)   Civil Action No. 04-30005-KPN<br>)<br>)<br>)<br>) |

<u>Certificate of Service</u>

    I, Joseph D. Bernard, certify that the following OPPOSITION TO THE MOTION TO DISMISS, and AFFIDAVIT IN SUPPORT OF were delivered by MAIL to the Massachusetts Attorney General's Office, Criminal Bureau, One Ashburton Place, Boston, MA 02108, on the date hereof.

                                                          Joseph D. Bernard
                                                          The Law Offices of Joseph D. Bernard, P.C.
                                                          73 State Street, Suite 301
                                                          Springfield, MA 01103
                                                          (413) 731-9995
Date:   June 24, 2005                         BBO#: 557986

8