UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| SILFREDO ALI ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-30005-MAP |
| ) | |
| COMMONWEALTH OF MASSACHUSETTS ) | |
|     ET AL., ) | |
|     Respondents. ) | |

### RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION FOR STAY AND OBEYANCE OF FEDERAL HABEAS PROCEEDINGS

The respondents herein submit their opposition to the petitioner's Alternative Motion For Stay and Abeyance of Federal Habeas Proceedings.

The respondents filed a Motion to Dismiss the petition on exhaustion grounds on May 20, 2005. The petitioner then filed a opposition to the Motion to Dismiss and included, in the alternative, a request for a stay and abeyance so that he may exhaust state remedies on two grounds in state court.[1] (See Petitioner's Opposition, pp. 6-7). The motions were referred to Magistrate Judge Kenneth P. Nieman on June 27, 2005.

The respondents incorporate by reference their lengthy prescient footnote in their Memorandum in Support of Motion to Dismiss in which they urged the Court to refrain from exercising its discretion to stay federal habeas corpus proceedings if requested by the petitioner. ( Respondents' Memorandum, p. 7 n. 5). Now that the petitioner has so

---

[1] The two unexhausted grounds are:(1) denial of effective assistance of counsel when his attorney failed to request an additional interpreter to interpret for him during the trial; failed to communicate before and after; failed to object to severance; and failed to properly prepare for trial and (2) denial of right to fair trial when only one interpreter was present for trial and that interpreter translated for both co-defendants during the trial. (Amended Petition, ¶ ¶ 1-2).

2

requested, the respondents wish to emphasize that the petitioner has clearly failed to meet the standards for obtaining a "stay and abeyance" established recently by the Supreme Court of the United States. *See Rhines v. Weber*, 125 S. Ct. 1528 (2005). In *Rhines*, The Court recognized that staying a federal habeas petition frustrates the "twin purposes" of the AEDPA--encouraging finality and streamlining federal habeas proceedings--by allowing a petitioner to delay the resolution of the federal proceedings and decreasing a petitioner's incentive to exhaust all his claims in the state court prior to filing his federal petition. *Id.* at 1534.

Stay and abeyance should be available only in limited circumstances. *Id*. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if the petitioner had good cause for that failure, th district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are clearly meritless." *Id* at 1534. In addition the district court judge should make certain there is no indication the petitioner "engaged in intentionally dilatory litigation tactics." *Id.* at 1535-1536. Even if the district court concludes these criteria have been met and a stay should be granted, it should not do so indefinitely. *Id*. at 1534-1535.

The meaning of "good cause" in the context of granting a stay and abeyance of federal habeas proceedings has not been developed through precedent, although "cause" has long been part of the showing required to excuse procedural default. *See Coleman v. Thompson*, 501 U.S. 722 (1991). In the procedural default context, the petitioner must

3

show " 'that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." ' *Horton v. Allen*, 370 F.3d 75, 81 (1st Cir.2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Assuming arguendo that "cause" in the procedural default context may be applied to "good cause" in stay and abeyance matters, the petitioner has failed to meet his burden.  The petitioner suggests that his lack of communication with appellate counsel was "good cause" for failing to exhaust state remedies before filing his habeas petition. (See Affidavit, ¶ 4a-4d). [2]  Implicit is the suggestion that appellate counsel was at fault for not raising the ineffective assistance of trial counsel claim on direct appeal on the new grounds asserted in the Amended Petition. [3]In essence, he argues that he received ineffective assistance of appellate counsel that resulted in the failure to raise and exhaust the ineffective assistance claim before the federal habeas petition was filed. Ineffective assistance of appellate counsel may be used to establish cause to excuse a state procedural default. *See Gunter v. Maloney*, 291 F.3d 74, 81 (1st Cir.2002).  If a petitioner intends to use ineffective assistance of appellate counsel as cause, however, that claim too must be exhausted in the state courts. *Id*. The petitioner has not presented the claim in state court or even in his habeas petition that his appellate counsel was constitutionally ineffective for failing to raise the issue of his trial counsel's

---

[2]  It should be noted that appellate counsel did assert an ineffective assistance of counsel claim in his Massachusetts Appeals Court brief on the ground that trial counsel should have moved for severance from his co-defendant's trial.  (Supp. Ans. Exh. 1 at i, 13-30).  The ineffective assistance claim was abandoned in the ALOFAR. (Supp. Ans. Exh. 4 at 10-20).

[3] The petitioner points to his alleged failure to communicate with trial counsel which culminated at trial when he was denied his request for an interpreter and forced to share an interpreter with the co-defendant.  ( Affidavit, p. 9, ¶ 4d).

4

ineffective assistance. Ineffective assistance by appellate counsel cannot constitute cause here because that claim itself has not been exhausted. The petitioner has not presented any other basis for finding good cause to excuse his failure to exhaust the ineffective assistance of counsel claim. *See Bader v. Warden, New Hampshire*, 2005 WL 1528761, *7 (D.N.H.) Nothing in the record suggests that petitioner had good cause for failing to exhaust his claims below. *Dykens v. Allen*, 2005 WL 1705515, *3 (D.Mass.)

Moreover the unexhausted claims are without merit. The petitioner has failed to allege facts that meet the standard for ineffective assistance of counsel claims. Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the petitioner must show that trial counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result was reliable." *Id* at 687.

The petitioner has proffered broad generalizations of a communications gap with his attorneys and conclusory statements of the denial of a constitutional right. No specifics were offered that prove deficient performance or resulting prejudice. Moreover the petitioner's main theme- that he was denied the right to his own interpreter- does not state a federal constitutional right or any right at all. The petitioner does not have a federally based constitutional right to his own interpreter when the court has provided an interpreter for all parties. Both the United States Court of Appeals for the First Circuit and the Massachusetts Supreme Judicial Court have held where co-defendants require a

5

interpreter for the same language it is better to have only one interpreter. *United States v. Carrion*, 488 F.2d 12 (1st Cir. 1973).

In Massachusetts, appointment of an interpreter lies within the sound discretion of the trial judge and will not be disturbed on appeal unless there was an abuse of that discretion. Smith, Criminal Practice and Procedure § 2437, at 502 (2d ed. 1983). *See Commonwealth v. Turell*, 6 Mass.App.Ct. 937, 938, 381 N.E.2d 1123 (1978). If two or more parties require an interpreter in the same language, the better practice is to have one interpreter and to pace the examination of the witnesses to allow time for the translation, thereby preventing parties from receiving differing versions of the testimony. Smith, Criminal Practice and Procedure § 2438, at 503. *See Commonwealth v. Esteves*, 46 Mass.App.Ct. 339, 345, 705 N.E.2d 1158, 1162 (1999) reversed on other grounds, 429 Mass. 636, 643, 710 N.E.2d 963, 967 (1999). Accord *United States v. Carrion*, 488 F. 2d at 15. "We say this not out of a sense of economy but from a recognition of the desirability of avoiding any possibility that several parties receive differing versions of the testimony." *Id.* Petitioner's claim that he was denied the right to a fair trial or defense counsel was ineffective for not seeking a personal interpreter for the petitioner is patently meritless.

## CONCLUSION

For the above-stated reasons, it is respectfully submitted that the motion for stay and abeyance should be denied.

                                      Respectfully submitted,

                                      THOMAS F. REILLY
                                      ATTORNEY GENERAL

6

/s/ Annette C. Benedetto
Annette C. Benedetto
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200
BBO No. 037060

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner's counsel, by first class mail, postage pre-paid, on August 17, 2005, at the following address:

Joseph D. Bernard
The Law Offices of Joseph D. Bernard
73 State Street
Suite 301
Springfield, MA 01103

/s/ Annette C. Benedetto
Annette C. Benedetto
Assistant Attorney General