UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SILFREDO ALI, | ) | |
|       Petitioner | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-30005-MAP |
| | ) | |
| | ) | |
| STEVEN O'BRIEN, | ) | |
|       Respondent | ) | |

REPORT AND RECOMMENDATION WITH REGARD TO
RESPONDENT'S MOTION TO DISMISS AND PETITIONER'S MOTION
TO STAY (Document Nos. 27 and 30)
December 1, 2005

NEIMAN, U.S.M.J.

In this action, Silfredo Ali ("Petitioner"), a state inmate convicted of cocaine trafficking, seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2254. Currently at issue is an exhaustion-based motion to dismiss filed by the superintendent of the jail where Petitioner is currently being housed ("Respondent") as well as Petitioner's motion to stay, both of which have been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the reasons indicated below, the court believes that the petition is a "mixed" petition, *i.e.*, not completely exhausted, and thus subject to dismissal. The court also believes that Petitioner's motion to stay should be denied.

I. BACKGROUND

On June 26, 2000, Petitioner was found guilty of cocaine trafficking and sentenced to approximately ten years in prison. On appeal, Petitioner asserted that he was entitled to a required finding of not guilty and that his trial counsel was ineffective

because he failed to seek severance of his trial from that of his co-defendant. On December 23, 2002, the Massachusetts Court of Appeals affirmed his conviction. *See Commonwealth v. Lebron*, 780 N.E.2d 488 (Mass. App. Ct. 2002) (unpublished).

Petitioner then filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") in the Supreme Judicial Court ("SJC"). Therein, Petitioner continued to argue that he was entitled to a required finding of not guilty, but did not pursue any ineffective assistance of counsel allegations. Petitioner's ALOFAR was denied without opinion on February 27, 2003. *See Commonwealth v. Lebron*, 785 N.E.2d 382 (Mass. 2003) (table).

Proceeding *pro se*, Petitioner instituted this *habeas corpus* action on January 6, 2004. He initially presented three grounds for relief, two continuing to assert that he was entitled to a required finding of not guilty (Grounds One and Two) and a third somewhat cryptic ground, alleging, perhaps, ineffective assistance of counsel.[1]

On September 27, 2004, District Judge Michael A. Ponsor allowed Petitioner's request for appointment of counsel and an attorney was appointed on December 9, 2004. Thereafter, Petitioner's motion to amend the petition was allowed by the court without opposition. The amended petition maintained Grounds One and Two and amended Ground Three to assert more specifically that Petitioner was denied effective assistance of counsel in a variety of ways. In substance, the amended Ground Three claims that Petitioner's counsel "failed to request an additional interpreter[,] . . .

---

[1] In his original Ground Three, Petitioner stated as follows: "None other than state filing and memorandum by former attorney who presented argumental [sic] issues."

properly communicate before and after with [Petitioner,] . . . object to severance[,] and . . . prepare for trial." In addition, the amended petition added a Ground Four alleging that Petitioner "was denied the right to a fair trial when only one interpreter was present for trial and that interpreter translated for both co-defendants during the trial."

On May 20, 2005, Respondent filed the instant motion to dismiss, asserting that the petition, as amended, is a "mixed" petition -- that is, one that contains both exhausted and unexhausted claims -- which must be dismissed in its entirety. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). On June 24, 2005, Petitioner opposed Respondent's motion and moved, in the alternative, to "stay these habeas corpus proceedings while [Petitioner] exhausts his unexhausted claims in state court." Respondent replied to Petitioner's motion to stay on August 17, 2005, and the court thereafter heard oral argument.

II. DISCUSSION

Together, Respondent's motion to dismiss and Petitioner's motion to stay raise two questions: (1) whether the petition, as amended, is exhausted and, if not, (2) what procedure the court should follow. The court will address each question in turn. In the end, the court will conclude that the petition is an unexhausted mixed petition subject to dismissal and, relatedly, that Petitioner's motion to stay should be denied.

A. Exhaustion

In order to seek federal *habeas* relief, a petitioner must have "fully exhausted his state remedies in respect to each and every claim contained within the application." *Adelson v. DiPaola*, 131 F.3d 259, 261 (1st Cir. 1997) (citing *Rose*, 455 U.S. at 518-

19). Exhaustion not only allows state courts the first shot at correcting their own errors, but "serves to minimize friction between our federal and state systems of justice." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). With few exceptions, federal courts enforce the exhaustion requirements "consistently and rigorously." *Adelson*, 131 F.3d at 262 (citing cases).

Under these longstanding requirements, now codified, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), at 28 U.S.C. § 2254(b),[2] a *habeas* court must review a petitioner's final state application, as presented, and determine whether or not the challenged federal claims were contained within its "four corners." *Id.* at 263. In other words, the *habeas* court must decide whether the petitioner fairly presented the particular claims to the state court "in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." *Scarpa v. Dubois*, 38 F.3d 1, 6 (1st Cir. 1994). The petitioner "bears a heavy burden" in this regard. *Adelson* at 263 (citing *Picard v. Connor*, 404 U.S. 270, 276-77 (1971), and *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st

---

[2] In pertinent part, section 2254(b) states as follows:

> (1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b).

Cir. 1989)).

    Here, Respondent argues that while Grounds One and Two are exhausted, Grounds Three and Four are not. The court agrees. To be sure, at least *part* of Ground Three (*i.e.*, that Petitioner's trial counsel was ineffective in not seeking severance) was presented to the Massachusetts Appeals Court, but Petitioner did not argue ineffective assistance of counsel to the SJC, the state's highest tribunal. *See Mele v. Fitchburg Dist. Court*, 850 F.2d 817, 820 (1st Cir. 1988) ("It is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present – or do his best to present – the issue to the state's highest tribunal."). Nor did Petitioner present any of Count Four to either the Appeals Court or the SJC. Accordingly, Petitioner has little choice but to acknowledge that his petition is not fully exhausted. *See also Domaingue v. Butterworth*, 641 F.2d 8, 12-13 ("The exhaustion requirement is not satisfied if a petitioner presented new legal theories or new factual allegations in federal court that transform his claim or cast it in a significantly different light.").

    Nonetheless, Petitioner argues that he falls within an exhaustion exception contained within section 2254(b)(1)(B)(ii), to wit, that "circumstances exist" which render the state's corrective process "ineffective to protect" his rights. *See* n.1, *supra*. In essence, Petitioner argues as follows: Grounds Three and Four are premised on language barriers Petitioner encountered at trial and with his trial counsel; Petitioner experienced a similar "lack of communication" with his appellate counsel which "prevented [him] from asserting the claims that he wanted reviewed"; ergo, Petitioner

5

suffers from "special circumstances" which demonstrate the need for "prompt federal intervention." As support, Petitioner relies on *Frisbie v. Collins*, 342 U.S. 519 (1952).

Petitioner's argument is not convincing. For one thing, Petitioner does not assert that the state corrective process is unavailable to him, *see* § 2254(b)(1)(B)(i), only that the process would be ineffective given his present circumstance. The court does not see why. Surely, Petitioner could bring an appropriate motion in the state courts alleging the essence of Grounds Three and Four, *i.e.*, that his trial counsel "failed to request an additional interpreter" or that his trial and appellate counsel both failed to "properly communicate" with him. *See, e.g.*, Mass. R. Crim. P. 30(b) ("The trial judge upon motion in writing may grant a new trial *at any time* if it appears that justice may not have been done.") (emphasis added). Indeed, Petitioner concedes as much. (See Pet'r's Opp'n at 5 ("The state corrective process [i]s available . . . to Mr. Ali . . . .").)

Moreover, in the court's view, *Frisbie* hardly supports Petitioner's position. Granted, the Supreme Court in *Frisbie* observed that the exhaustion rule "is not rigid and inflexible; district courts may deviate from it and grant relief in special circumstances." *Id.*, 342 U.S. at 521. The Court, however, did not define what it meant by "special circumstances." Rather, it merely accepted the appellate court's conclusion that such circumstances existed in the case before it and, without defining what those circumstances were, simply noted that they were "peculiar to this case [and] may never come up again."

Unfortunately for his cause, Petitioner has offered no compelling reason why he

fits within *Frisbie*'s "special circumstances" exception. He cites no precedent factually on par with his situation, let alone any decision applying the special circumstances exception post-AEDPA. While returning to state court will no doubt cause "delay," as Petitioner argues, that would be so with any similarly situated prisoner. In short, the court views the petition as mixed and finds that Petitioner has not demonstrated special circumstances why the exhaustion requirement ought not be enforced.

B.  Procedure

Assuming *arguendo* that the petition is not fully exhausted, Petitioner argues in the alternative that the court should not dismiss the petition, but rather stay these proceedings and hold the petition in abeyance until exhaustion has been completed. Not surprisingly, Respondent disagrees, arguing that outright dismissal is the only appropriate outcome. This court suggests a middle path: the case ought not be stayed, but Petitioner should be given thirty days to avoid dismissal by deleting the unexhausted claims.

The question of what to do with a mixed petition revolves around *Rose* and the Supreme Court's recent decision in *Rhines v. Weber*, 125 S. Ct. 1528 (2005). In *Rose*, the Court "imposed a requirement of 'total exhaustion' and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance." *Rhines*, 125 S. Ct. at 1533 (quoting *Rose*, 455 U.S. at 522). When the Court decided *Rose*, however, "there was no statute of limitations on the filing of federal *habeas corpus* petitions." *Id.* "As a result, petitioners who returned to

7

state court to exhaust their previously unexhausted claims could come back to federal court to present their perfected petitions with relative ease." *Id.* (citation omitted).

The AEDPA, however, "dramatically altered the landscape for federal *habeas corpus* petitions." *Id.* In particular, it "preserved [*Rose*]'s total exhaustion requirement," but "also imposed a 1-year statute of limitations on the filing of federal petitions." *Id.* (citations omitted). "Although the limitations period is tolled during the pendency of a properly filed application for State post-conviction or other collateral review, the filing of a petition for *habeas corpus* does not toll the statute of limitations." *Id.* (citations and internal quotation marks omitted). As a result, "petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id.*

Cognizant of "the gravity of this problem," the Court in *Rhines* cited, with approval, "stay-and abeyance" procedures certain district courts had applied, post-AEDPA, to mixed petitions. *Id.* at 1534. Under such procedures, the Court observed, "rather than dismiss the mixed petition pursuant to [*Rose*], a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.* "Once the petitioner exhausts his state remedies," the Court continued, "the district court will lift the stay and allow the petitioner to proceed in federal court." *Id.* Nonetheless, the Court explained that stay and abeyance should "be available only in limited circumstances." *Id.* at 1535. First, the Court directed that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first

in state court." *Id.* Second, the Court stated that district courts may not stay a *habeas* case where the unexhausted claims are "plainly meritless." *Id.* Moreover, the Court continued, "[e]ven where stay and abeyance is appropriate, . . . [a] mixed petition should not be stayed indefinitely." *Id.* Finally, the Court held that "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id.*

In the case at bar, Petitioner's argument that there is "good cause" for his failure to exhaust Grounds Three and Four is quite weak. At best, Petitioner argues that he "could not exhaust his state court claims because of . . . communication problems," *i.e.*, "a significant lack of communication during his trial and appeal" combined with "an insurmountable language barrier." Petitioner cites no case law in support of his position. In contrast, the two post-*Rhines* decisions cited by Respondent clearly cut against Petitioner's argument. *See Bader v. Warden*, 2005 WL 1528761, at \*\*6-7 (D.N.H. June 29, 2005) (*habeas* petitioner lacked good cause for failing to exhaust newly-discovered ineffective assistance of counsel claim given that he was unable to show "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule"); *Dykens v. Allen*, 2005 WL 1705515, at \*3 (D. Mass. June 17, 2005) (rejecting stay and abeyance where nothing in the record suggested that the petitioner had good cause for failing to exhaust).

As for the second *Rhines* requirement, Petitioner makes an equally weak argument that his ineffective assistance of counsel claims have some potential merit. At most, Petitioner supplies an affidavit from his present counsel echoing Petitioner's

statements that he experienced a "lack of communication with his trial . . . and . . . appellate counsel"; that "[h]e felt confused, scared, and unable to actively participate in his own trial"; and that "[h]e felt that the lack of communication during his appeal left many issues unaddressed upon review." According to Petitioner, "[t]hese underlying circumstances show that . . . his claims are clearly with merit."

There are multiple problems with Petitioner's merits argument. For one thing, it is based solely on his present counsel's vague, hearsay-laden affidavit. In addition, Petitioner again fails to cite any supportive case law. Significantly, as Respondent observes, Plaintiff fails to even mention, let alone address, the standards for ineffective assistance of counsel claims established by the Supreme Court, *i.e.*, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The absence of any reference to the second *Strickland* standard is particularly troublesome. Even assuming that counsel erred, it is ultimately incumbent on Petitioner to demonstrate prejudice. He has not attempted to undertake that task.

At bottom, the court is reluctant to recommend stay and abeyance given both the Supreme Court's circumscription for such a procedure and the cursory arguments Petitioner makes in this regard. The court recognizes that Petitioner will be in a difficult position if the case is not stayed. He could, of course, seek to pursue his unexhausted claims in state court, but the limitation period will likely have expired by the time he attempts to return to federal court on those claims. *See Rhines*, 125 S. Ct. at 1523.

Moreover, the AEDPA allows second or successive petitions only in extremely limited circumstances. *See* 28 U.S.C. § 2244.

This does not mean that Respondent's motion to dismiss should be allowed outright. *Rhines* counsels that, when faced with a mixed petition where stay and abeyance is inappropriate, "the court should allow the petitioner to delete the unexhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id.*,125 S. Ct. at 1535. That is probably not much solace to Petitioner but, in the court's opinion, it is what the law offers.

### III. CONCLUSION

For the reasons indicated, the court recommends that Petitioner's motion for a stay be DENIED. The court also recommends that Respondent's motion to dismiss be ALLOWED unless, within thirty days of the adoption of this report and recommendation (should it be adopted), Petitioner drops the unexhausted claims.[3]

---

[3] The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

DATED: December 1, 2005

                                                  /s/ Kenneth P. Neiman  
                                                 KENNETH P. NEIMAN  
                                                 U.S. Magistrate Judge