analysis by the Massachusetts Appeals Court failed to consider the appropriate weight of the evidence against the Petitioner on his respective indictments individually.

Clearly, as the transcript and the Commonwealth's brief indicates, the evidence against the codefendant was much stronger on the element of possession than it was against the Petitioner with regards to the Moises Market indictment. However, by adopting the Commonwealth's brief "as is" and failing to appropriately distinguish between the evidence presented against the respective parties, the Massachusetts Appeals Court did not appropriately consider the weight of the evidence against the Petitioner on the issue of possession in Moises Market. Instead, they considered the entire "lot" of evidence against both parties. By considering all the evidence presented, instead of that only on the element of possession with respect to the Petitioner and Moises Market, the Massachusetts Appeals Court's determination that the evidence was sufficient was skewed as their evaluation of the weight of the evidence was not isolated to the particular items introduced to prove the possession element with respect to the Petitioner and Moises Market. The consideration of all the evidence most likely affected their determination. Such a failure to properly consider the weight of the evidence is objectively unreasonable and thus an unreasonable application of the Constitutional principles stated in Jackson.

Further, the same can be said for the Appeals Court's failure to distinguish between the evidence presented on the two (2) locations involved in this case—Moises Market and 139 Orange Street. As the Commonwealth's brief did not distinguish between the evidence presented to convict on the two (2) different locations, the Appeals Court could not give appropriate weight to all of the evidence presented for each indictment *individually*.

In considering the evidence presented, as stated in the Commonwealth's brief, the Appeals Court inappropriately combined the evidence from both locals in its analysis. As each local had different evidence presented on the element of possession, by considering all the evidence in one discussion, the Appeals Court could not give appropriate consideration to the weight of the evidence presented on each individual indictment and thus their decision was objectively unreasonable and an unreasonable application of the Supreme Court's decision in Jackson.

The Petitioner should be granted habeas relief on the instant charge as, after viewing the evidence in the light most favorable to the Commonwealth, a rational trier of fact *could not* have found the essential elements of the crime of trafficking in cocaine more than 28 but less than 100 grams beyond a reasonable doubt. See Jackson, 443 U.S. at 318. By adopting the Commonwealth's appellate brief as the reasons in support of its decision to affirm the trial court's decision on the Petitioner's motions for required findings, the Massachusetts Appeals Court "unreasonably applied" the Jackson standard. Taken in the light most favorable to the Commonwealth, this evidence was insufficient to prove that the Petitioner had possession of the drugs hidden in the dirt basement of Moises Market.

C. ORANGE STREET CONVICTION

The only evidence offered to prove the Petitioner's possession and intent to distribute the cocaine found at the Orange Street address were observations of the Petitioner visiting that address three (3) or four (4) times a week and (2) pill bottles with the Petitioner's name on them which were found in a closet in close proximity to a pair of pants which contained a few grams of cocaine. (Tr.-IV-19, 21).

The pill bottles with the Petitioner's name and pants in the vicinity of these bottles containing cocaine were found in the front bedroom. (Tr.-IV-19). With the exception of the small quantity of cocaine found in the pants in the closet, all of the cocaine found at the Orange Street address was found in the back bedroom. (Tr.-III-230, 238, 240, 241). Packaging materials were found in the kitchen (Tr.-IV-30, 34) and a drug ledger was found in a rear bedroom. (Tr.-IV-13, 14). A phone bill in the name of the Petitioner's brother, Silvio Ali, and a number of cancelled checks signed by the Petitioner's brother were also found in the apartment. (Tr.-IV-36, 37, 39). Police testified that the Petitioner gave his address as 392 High Street in Holyoke when he was arrested and no evidence, other, than the pill bottles was offered to show that the Petitioner lived at the Orange Street address. (Tr.-IV-194, 195). Further, the Petitioner was seen going from Moises Market to his brother's apartment at the 139 Orange Street three (3) or four (4) times by officers. (Tr.-IV-85, 86).

Taken in the light most favorable to the Commonwealth, the evidence presented with respect to the Orange Street address permits the inference that the Petitioner was aware of the drugs at this address. However, the presence of a few pill bottles with the Petitioner's name on them in a room other than where the large amounts of cocaine and packaging materials were found, coupled with observations of his presence at the apartment on a few occasions, is not enough to permit an inference that the Petitioner had the ability and intention to exercise dominion and control over the drugs found. See Brown, 34 Mass. App. Ct. at 226.

Although presence, supplemented by other incriminating evidence, will serve to tip the scale in favor of sufficiency, no other incriminating evidence was presented here and the Commonwealth points to no other evidence in its appellate brief. Commonwealth v. Ramos, 51 Mass. App. Ct. 901, 902 (2001) (quoting Commonwealth v. Arias, 29 Mass. App. Ct. 613, 618

23

(1990) and Commonwealth v. Brzezinski, 405 Mass. 401, 409-10 (1989)). "There must be additional significant evidence, an additional 'plus' factor of other incriminating evidence if a case is to reach the trier of fact." Commonwealth v. Antonio, 45 Mass. App. Ct. 937, 938 (1998).

There was no evidence, other than the proximity of the pill bottles and testimony that he visited this address, to suggest the pants containing cocaine belonged to the Petitioner or that the Petitioner was connected to the Orange Street address in a manner sufficient to allow a jury to reasonable concluded that he had constructive possession of the drugs in the apartment. To the contrary, there was ample evidence from which to infer that the pants belonged to the Petitioner's brother, Silvio Ali, such as the phone bill and cancelled checks bearing his brother's name which were found in the Orange Street residence.

"Mere presence in the vicinity of a controlled substance, even if one knows that the substance is there, does not amount to possession . . . . Nor is possession proved simply through the defendant's association with a person who controlled the contraband . . . or by sharing the premises where the narcotics were found." Commonwealth v. Cruz, 34 Mass. App. Ct. 619, 622 (1993) (quoting Commonwealth v. Booker, 31 Mass. App. Ct. 435, 437-438 (1991)).

As discussed above, pursuant to the guidelines set forth by the First Circuit in Hurtado, the Massachusetts Appeals Court failed to give appropriate weight to all the evidence presented on this indictment and thus their conclusion is objectively unreasonable and an unreasonable application of the Constitutional principles set forth in Jackson. More specifically, it is likely that the Massachusetts Appeals Court, by considering all the evidence presented in this case at once, inappropriately analyzed the weight of the evidence with respect to the instant indictment. Such an inappropriate analysis as to the weight of the evidence rendered the Massachusetts

Appeals Court's decision objectively unreasonable and an unreasonable application of the Constitutional principles set forth in Jackson.

In light of the Supreme Court's decision in Jackson, the Petitioner should be granted habeas relief on the instant charge as, after viewing the evidence in the light most favorable to the Commonwealth, a rational trier of fact *could not* have found the essential elements of the crime of trafficking in cocaine more than 100 but less than 200 grams beyond a reasonable doubt. See Jackson, 443 U.S. at 318. As such, the state court "unreasonably applied" the Jackson standard because taken in the light most favorable to the Commonwealth, this evidence was insufficient to prove that the Petitioner had possession of the drugs found at the 139 Orange Street residence.

## CONCLUSION

The Appeals Court found that mere presence at Moises Market and two (2) pill bottles in an apartment are sufficient evidence to prove the Petitioner' constructive possession of more than 28 but less than 100 grams of cocaine and more than 100 but less than 200 grams of cocaine on two (2) separate indictments. Case law in the Commonwealth of Massachusetts has repeatedly held that mere presence, even coupled with awareness of drugs, association with someone who controls drugs or sharing premises where drugs are found is not enough to prove possession. Commonwealth v. Cruz, 34 Mass. App. Ct. 619, 622 (1993); Commonwealth v. Brown, 34 Mass. App. Ct. 222, 226 (1993).

The Petitioner asks this Court to grant his request for relief under 28 U.S.C. §2254 as his due process rights were violated when he was convicted on indictments 99-815 and 99-816 with insufficient evidence. The evidence presented could not allow a rational trier of fact to find all of the elements of trafficking in cocaine beyond a reasonable doubt, specifically, the element of

possession. See Jackson, 443 U.S. at 318. The Appeals Court, in its decision, unreasonably applied the Supreme Court's standard espoused in Jackson to the Petitioner's case and thus habeas relief should be granted.

                                              Respectfully Submitted,
                                              Silfredo Ali
                                              By His Attorney:

                                              */s/ Joseph D. Bernard*
                                              Joseph D. Bernard
                                              The Law Offices of Joseph D. Bernard
                                              73 State Street, Suite 301
                                              Springfield, MA 01103
                                              (413) 731-9995
                                              (413) 730-6647 fax
Date:  May 9, 2006                          BBO#: 557986

## CERTIFICATE OF SERVICE

I, Joseph D. Bernard, certify that the foregoing Petitioner's Brief was served on Annette C. Benedetto, Assistant Attorney General, Criminal Bureau, One Ashburton Place, Boston, MA 02108 on the date hereof by MAIL.

                                              */s/ Joseph D. Bernard*
                                              Joseph D. Bernard
                                              The Law Offices of Joseph D. Bernard, P.C.
                                              73 State Street, Suite 301
                                              Springfield, MA 01103
                                              (413) 731-9995
                                              (413) 730-6647 fax
Date:  May 9, 2006                          BBO#: 557986