UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SILFREDO ALI,                )
    Petitioner,          )
                         )
              v.       )  C.A. NO. 04-30005-MAP
                         )
STEVEN O'BRIEN,              )
    Respondent           )

MEMORANDUM AND ORDER REGARDING
PETITION FOR WRIT OF HABEAS CORPUS
(Dkt. No. 1)

October 26, 2006

PONSOR, D.J.

    Counsel for both parties appeared before this court for oral argument on October 24, 2006.  At the conclusion of oral argument, the court indicated that it would be dismissing the petition and ordering entry of judgment for Respondent.  The court's reasons were stated in some detail following oral argument, but may be summarized as follows.

    Petitioner's sole contention is that the Massachusetts Appeals Court unreasonably applied Jackson v. Virginia, 443 U.S. 307 (1979), when it concluded there was sufficient evidence offered at trial to support his conviction.  A review of the evidence offered, particularly in light of the recent amendments to 28 U.S.C. § 2254(d)(1) as a result of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), discloses that this argument simply will not stand up.  A

reasonable jury could have found that Petitioner was living at an apartment on Orange Street in Springfield, Massachusetts in which a very large quantity of drugs and associated paraphernalia were found in plain view. Petitioner was observed several times moving back and forth between Orange Street and a market on Belmont Avenue, staying at the Orange Street apartment for short periods of time.  A search of the Belmont Avenue market disclosed a substantial quantity of drugs in the basement.  Petitioner was arrested working at the market with $100 cash in his pocket.  Medicine bottles containing his name were found in the Orange Street apartment in close proximity to clothing in which drugs were located.

    While this was not the strongest case in the world, perhaps, the court cannot find that the Appeals Court misapplied controlling constitutional law in concluding that the evidence was sufficient to support the verdict against Petitioner following trial.  Significantly, Petitioner testified at trial, and the jury had the opportunity to weigh his denial of any involvement in criminal conduct.

    For these reasons, detailed more fully following oral argument, the Petition for Writ of Habeas Corpus is hereby ordered DISMISSED.  The clerk will enter judgment for Respondent.  This case may now be closed.

It is So Ordered.

                                              <u>/s/ Michael A. Ponsor</u>
                                              MICHAEL A. PONSOR
                                              U. S. District Judge